[Civ. No. 1879.  Second Appellate District, Division One.—September 8, 1919.]

## HERBERT STANDING, Appellant, v. OLIVER MOROSCO, Respondent.

[1] STATUTE OF FRAUDS—CONTRACTS NOT IN WRITING—ESTOPPEL TO ASSERT STATUTE—UNCONSCIONABLE INJURY.—The mere omission to insist that a writing be made, or reliance only upon the unfulfilled promise of the other to put the agreement in writing, is not sufficient to protect the party insisting upon the fulfillment of the alleged contractual obligation. He must be misled by the other to his prejudice; and not only must sufficient facts appear to show a representation (by words or conduct) on the part of the defendant that he did not intend to resort to a plea of the statute, but the other party must have so altered his position as that he would be made to suffer loss or unconscionable injury. If no such injury or loss is shown, the reason for the rule of estoppel fails and the excepted case is not established.

[2] ID.—TERM OF EMPLOYMENT—CONSTRUCTION OF MEMORANDUM.—Where a memorandum with reference to one's employment contains no words fixing the term of service, but the compensation is to be paid at a weekly rate, the term should be construed as being from week to week.

[3] ID.—PROMISE TO EXECUTE CONTRACT—SUFFICIENCY OF PAROL.—A promise to execute "the usual theatrical contract" would be of no more potency when expressed in writing than by parol.

[4] ID.—CONTRACT FOR PERSONAL SERVICES—ACTION FOR BREACH—INSUFFICIENT ALLEGATIONS OF ESTOPPEL.—In this action for damages

---

1.  Estoppel to plead statute of frauds, note, 134 Am. St. Rep. 173.

2.  Right to discharge employee where contract of hiring specifies no term but fixes compensation at a certain amount per day, week, month or year, notes, 11 A. L. R. 469; 51 L. R. A. (N. S.) 629.

alleged to have been sustained by the plaintiff through the refusal of the defendant to use and pay for the services of the plaintiff after having employed him for a period of one year as an actor to appear in plays produced by the defendant, the complaint did not make out a case entitling the plaintiff to enforce his contract, which was not in writing and, therefore, admittedly within the statute of frauds.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

Paul W. Schenck and Joseph Citron for Appellant.

Scarborough & Bowen for Respondent.

JAMES, J.—The demurrer of defendant on general and special grounds was sustained to the third amended complaint of the plaintiff and leave to further amend was denied. Judgment of dismissal followed, from which plaintiff appealed.

The cause of action attempted to be alleged was one for damages sustained by the plaintiff through the refusal of the defendant to use and pay for the services of the plaintiff after having employed him as an actor to appear in plays produced by the defendant in his theater at Los Angeles. Plaintiff alleged that the engagement was for a period of one year. It is respondent's contention that the complaint in its allegations showed a case falling within the statute of frauds, and that plaintiff could not recover because the term of employment was not fixed in any writing. An agreement which is not to be performed within one year from the making thereof, in order to be valid, must be expressed in writing. (Civ. Code, sec. 1624, subd. 1.) In order to avoid the effect of the statute, it is appellant's position that there was such part performance of the contract shown as to raise an estoppel against respondent, preventing him from questioning the validity of the contract or its enforceability. The rule referred to is an equitable one which holds it to be a fraud under some circumstances to permit a party to make the defense that a contract is void or unenforceable because not in writing. [1] Every person is advised of the plain requirement of the statute, and the mere omission to insist that a writing be made, or reliance only upon the unfulfilled promise

of the other to put the agreement in writing, is not sufficient to protect the party insisting upon the fulfillment of the alleged contractual obligation. He must be misled by the other to his prejudice; not only must sufficient facts appear to show a representation (by words or conduct) on the part of the defendant that he did not intend to resort to a plea of the statute, but the other party must have so altered his position as that he would be made to suffer loss or unconscionable injury. If no such injury or loss is shown, the reason for the rule of estoppel fails and the excepted case is not established. (See Browne on Statute of Frauds, 5th ed., sec. 457; *Glass* v. *Hulbert,* 102 Mass. 24, [3 Am. Rep. 418], both cited in *Seymour* v. *Oelrichs,* 156 Cal. 782, [134 Am. St. Rep. 154, 106 Pac. 88].) The complaint of plaintiff shows: That in December, 1912, plaintiff was employed as an actor in the city of New York by defendant at the weekly salary of two hundred dollars, and that he had been engaged for a certain play. (How long this play was to run, or for what period of time plaintiff was under contract at two hundred dollars per week, is not alleged.) It is alleged that defendant promised and agreed that if plaintiff would reduce his salary to $150 per week and remove to Los Angeles, defendant would employ him for a period of one year; that defendant promised to execute a contract in writing employing plaintiff for one year; that plaintiff accepted the agreement, relying wholly upon the representations made, and ''refused to accept other employment which had been tendered him, and otherwise injuriously changed his position and removed to the city of Los Angeles.'' (What the compensation or term of service would have been under the alleged employment offered, or how plaintiff's position was ''injuriously changed,'' does not appear.) There is the further allegation that plaintiff's wife remained in New York, ''as was agreed,'' and disposed of plaintiff's home and household furniture, and that two months after plaintiff came to Los Angeles his wife came also, and that the transportation was furnished to her by defendant; that on the fifteenth day of March, after plaintiff had been employed in Los Angeles by defendant for two and one-half months at $150 per week, defendant discharged plaintiff and refused to accept his offered services; and refused to ''complete the execution of the said contract of employment which the said defendant promised and agreed at various times to

deliver to the plaintiff, and repudiated his promises and representations made to this plaintiff.'' It is further alleged that defendant knew that a detrimental change of position and situation on the part of plaintiff would be necessary in the event plaintiff relied on defendant's said promises and representations; that the said promises and representations of the defendant were made with the knowledge and with the intent that they should be relied on by plaintiff and the change in his position thereby induced. A written memorandum, alleged to have been signed by defendant in New York, was set forth. It was in the following words:

''Mr. Standing,

''I will pay you one hundred and fifty ($150.00) dollars per week in Los Angeles for the length of your engagement there, under the terms of the usual theatrical contract.

''As you have reduced your salary with me I will be very glad to pay the transportation and sleeper of Mrs. Standing two mo's hence to Los Angeles.

''This will hold good only when we execute regular contract, O. M. (Signed)

> ''Yours very truly,
> > ''O. MOROSCO.'' (Signed)

[2] The memorandum contains no words fixing the term of service. The compensation was to be paid at a weekly rate; hence the term should be construed as being from week to week. This without reference to section 2010, of the Civil Code, which imposes that rule of construction upon contracts for the employment of a ''servant.'' A servant is defined in the preceding section to be one employed to render personal service ''otherwise than in the pursuit of an independent calling,'' and one who remains entirely under the direction and control of his master. It is not alleged what ''the terms of the usual theatrical contract'' were—they may have related wholly to matters of detail. And so the writing does not help the complaint except to show that the defendant agreed to execute ''the usual theatrical contract.'' [3] This promise would be of no more potency when expressed in writing than by parol.

[4] We cannot conclude that the case alleged is one showing that plaintiff is entitled to enforce his contract, which is admittedly within the statute of frauds. That he suffered detriment because of any action taken by him and in reli-

ance upon the promises of defendant, the facts alleged do not show. Neither monetary loss nor great personal inconvenience can be presumed to have resulted to him. His property in New York may have been disposed of at a profit; the other employment tendered him may have been undesirable, of short duration, or covered by small prospective compensation. The change of residence from New York to Los Angeles may have been an agreeable one. The contract that plaintiff relinquished under which he was receiving two hundred dollars per week, may have been one for weekly employment only. Assuming against the pleader, as we must, all facts reasonably consistent with the facts alleged, but adverse to the plaintiff, it cannot be said the complaint makes out a case entitling the plaintiff to the relief sought.

The judgment appealed from is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 6, 1919.

All the Justices concurred, except Wilbur, J., and Lennon, J., who did not participate.