[Civ. No. 4533.   Second Appellate District, Division Two.—June 15, 1927.]

A. A. HOLSTROM, Appellant, v. ANDREW MULLEN et al., Respondents.

Leo V. Youngworth and Harry J. McClean for Appellant.

Dockweiler & Dockweiler & Finch for Respondents.

THOMPSON, J.—Two actions were commenced by the plaintiff against the defendants, one seeking the recovery

of damages for breach of contract and numbered in the superior court records 105,266 and the second designated by number 105,267, seeking to have a ten-year lease to a storeroom held by the defendants impressed with a trust in favor of the plaintiff. The complaint for damages alleges in addition to the fact of damage in a definite amount, that on or about August 10, 1921, plaintiff and defendants agreed that defendants should secure and take in their own names a lease on a storeroom in the Pacific Mutual building for the joint use and benefit of plaintiff and defendants; that plaintiff should have and enjoy the use and possession of the west half thereof; that during the months of September and October the plaintiff took possession of the west half and equipped it with special fixtures and a stock of merchandise, all of which was well known to the defendants; that about November 10, 1921, the defendants ejected plaintiff, although he had fully performed on his part and has always been ready, able, and willing to perform. The second complaint alleges practically the same matters except that it fails to allege performance or willingness to perform and does not allege that the installation of fixtures of special design and architecture and the stock of goods ordered and placed in one-half of the store were ordered and installed with the knowledge of the defendants. It does allege in more detail that the agreement was made with the defendant Andrew Mullen to secure the lease, the special confidence placed in Mullen by reason of a long acquaintance with him, and the assignment of the lease to the defendant Deane, a corporation, without consideration; that in all the things done by Andrew Mullen he was acting not only for himself, but also as the representative of the defendants Mullen and Bluett, and the Mullen Estate Company.

Upon stipulation of the parties the two causes were consolidated for trial and upon the trial objection was made to the introduction of any testimony on the ground that neither of the complaints stated facts sufficient to constitute a cause of action. Appellant's counsel stipulated that the agreement between plaintiff and defendants was not in writing, but oral, and upon that stipulation being made the objections were sustained and judgment was entered that plaintiff take nothing in either of the actions

4

and that defendants should recover their costs. This appeal is from that judgment, and we must examine both the complaints to determine if they or either of them is sufficient against a general demurrer.

It is apparent that the second complaint, the complaint to impress a trust upon the lease, does not state facts sufficient to constitute a cause of action for the reason that it alleges no facts to bring it within the doctrine of constructive trusts. Such trusts are the creatures of equity formed for the purpose of preventing the perpetration of fraud. (*Teich* v. *San Jose Bank of Savings,* 8 Cal. App. 397 [97 Pac. 167]; *Lauricella* v. *Lauricella,* 161 Cal. 61 [118 Pac. 430]; sec 2224, Civ. Code.) The absence of allegations that the fixtures of special design and architecture and the stock of goods were ordered and installed with the knowledge of the defendants renders the complaint fatally defective in this particular. A failure to allege performance or willingness to perform is also fatal in an equitable action. The allegations are therefore insufficient to bring the plaintiff within the protecting arm of equity.

When we examine the other complaint we find the allegations just mentioned to have been supplied, and the question becomes one of whether the acts alleged to have been done were a sufficient part performance to take it out of the statute of frauds. Perhaps the question would be properly phrased if we said it was whether the plaintiff had suffered such a change of position that it would be inequitable for the defendants to be permitted to claim the protection of the statute. Strictly speaking, the things which plaintiff alleges were done, at least with the silent acquiescence of defendants, were not done in the performance of the lease, but were done in preparation therefor. The rule is succinctly set forth in *Seymour* v. *Oelrichs,* 156 Cal. 782–795 [134 Am. St. Rep. 154, 106 Pac. 88], as follows: ''The right of courts of equity to hold a person estopped to assert the statute of frauds, where such assertion would amount to practicing a fraud, cannot be disputed. It is based upon the principle 'thoroughly established in equity, and applying in every transaction where the statute is invoked, that the statute of frauds, having been enacted for the purpose of preventing fraud,

shall not be made the instrument of shielding, protecting, or aiding the party who relies upon it in the perpetration of a fraud or in the consummation of a fraudulent scheme.' (2 Pomeroy's Equity Jurisprudence, sec. 921.) It was said in *Glass* v. *Hulbert*, 102 Mass. 24, 35 [3 Am. Rep. 418]: 'The fraud most commonly treated as taking an agreement out of the statute of frauds is that which consists in setting up the statute against its enforcement, after the other party has been induced to make expenditures, or a change of situation in regard to the subject-matter of the agreement, or upon the supposition that it was to be carried into execution, and the assumption of rights thereby to be acquired; so that the refusal to complete the execution of the agreement is not merely a denial of rights which it was intended to confer, but the infliction of an unjust and unconscientious injury and loss. In such case, the party is held, by force of his acts or silent acquiescence, which have misled the other to his harm, to be estopped from setting up the statute of frauds.' This statement has been accepted as setting forth a plain and satisfactory ground for equitable jurisdiction, together with a clear indication of the proper limitation of its exercise. (See 5 Browne on Statute of Frauds, sec. 457a.) In the section last cited, Mr. Browne says: 'A plaintiff . . . must be able to show clearly . . . not only the terms of the contract, but also such acts and conduct of the defendant as the court would hold to amount to a representation that he proposed to stand by his agreement and not avail himself of the statute to escape its performance; and also that the plaintiff, in reliance on this representation, has proceeded, either in performance or pursuance of his contract, to so far alter his position as to incur an unjust and unconscientious injury and loss, in case the defendant is permitted after all to rely upon the statutory defense. After proof of this, the court may well be justified in using its undoubted power, in cases of equitable estoppel, to refuse to listen to a defendant seeking to deny the truth of his own representations previously made.' "

The whole question is whether or not the rule thus announced is applicable to this situation. Unquestionably the allegations of the complaint show that by reason of defendants' acquiescence in the installation of special fixtures

and stocking the store with goods ordered for that purpose, plaintiff would be seriously damaged if not permitted to proceed with the venture. The time for defendants to have spoken was when knowledge was first had. It would be unjust not to permit the plaintiff to litigate a claim founded upon his reliance upon the acts of the defendants. We are of the opinion that the rule is applicable to the present situation.

It may be asserted that plaintiff has nowhere alleged an agreement on his part to pay one-half of the rental —but as against a general demurrer we think the allegation that plaintiff and defendants agreed to secure the lease for their joint use and benefit and that plaintiff was to use the west half, necessarily implies that they were joint venturers in the undertaking, and each to pay one-half thereof.

The judgment is affirmed as to action No. 105,267 and reversed as to action No. 105,266.

Works, P. J., and Murphey, J., *pro tem.*, concurred.