[Civ. No. 7661. First Appellate District, Division One.—March 20, 1931.]

REX FRANK WHITTEMORE et al., Appellants, v. RAYMOND M. DAVIS et al., Respondents.

Brooks Gifford for Appellants.

Farrand & Slosson for Respondents.

WARD, J., *pro tem.*—This is an appeal from a judgment entered upon an order sustaining defendants' demurrer to plaintiffs' third amended complaint without leave to amend. The complaint is an attempt to state an action sounding in damages for fraud and deceit alleged to have been practiced upon plaintiffs by defendants in a certain loan transaction which is set forth in the complaint. All of the defendants are directors in the defendant American Savings Bank of Pomona, a corporation, and the defendant Davis is manager of the bank. In substance the third amended complaint alleges that on February 2, 1923, plaintiffs executed a note to the bank for $5,000 which was secured by a mortgage on certain property in Los Angeles County; that subsequent to the execution of the mortgage and prior to the actual payment to the plaintiffs of the sum of $5,000 by defendant American Savings Bank of Pomona, the defendant Raymond M. Davis, acting as the manager and agent and with the sanction and approval of the directors of said defendant corporation, demanded of the plaintiffs the execution of another note for the sum of $3,000, which amount, the defendant Raymond M. Davis stated, was to be a bonus for the execution of said five thousand dollar loan; that accordingly the plaintiffs did execute a note for $3,000, but that said note was absolutely without consideration; that in September, 1923, plaintiffs sold the property described in the mortgage to one C. E. Jones and wife; that the Joneses defaulted in their payments and plaintiffs filed against them a quiet title action; that an officer of the bank in July, 1925, without the knowledge or consent of the plaintiffs, attached the three thousand dollar note to the mortgage; that upon the same date the bank filed a foreclosure action against the plaintiffs and the Joneses. Appellants allege in this action that said foreclosure action was brought by defendant bank through its duly authorized agent, for the purpose of defrauding these plaintiffs, and each of them; that defendant Robinson knew that the

three thousand dollar note was not a part of the original mortgage and that said defendant Robinson, acting as the duly authorized agent of the bank, intended to defraud and did defraud the plaintiffs out of the value of their property.

Plaintiffs further allege that C. E. Jones and Mary Doe Jones were served with process in the foreclosure action; that subsequent to said service of process on plaintiffs and before the time for answering had expired, defendant bank, through its agent, defendant Davis, stated to plaintiffs that if plaintiffs would default in the foreclosure proceeding and would discontinue the prosecution of the · quiet-title action against C. E. Jones and Mary Doe Jones, that defendant bank would resell and reconvey to the plaintiffs the property mortgaged, at whatever price the bank was able to buy it, at the sale of said property in the foreclosure action, upon the following terms and conditions: namely, that if the price paid by the defendant bank for said property were $7,500 or less, plaintiffs were to pay defendant bank in cash; if, however, defendant bank was forced to pay more than $7,500, plaintiffs were to pay $7,500 in cash and the balance by their notes to be due in ninety days and to be secured by a mortgage upon said property; that plaintiffs accepted the foregoing proposition of defendant bank; that the said defendant Davis, continuing to act as the duly authorized agent of the bank, falsely, fraudulently, and knowing the same to be untrue, represented to plaintiffs that no contract in writing was necessary for the purpose of binding said defendant bank to resell and reconvey said mortgaged property, but that the forbearance of plaintiffs to prosecute the quiet title action against C. E. Jones and Mary Doe Jones, together with the further forbearance of plaintiffs to defend the foreclosure action just referred to, would constitute sufficient consideration to bind defendant bank to resell and reconvey the property at whatever price defendant bank might buy it on foreclosure; that said foregoing promises and representations of defendant bank, through its duly authorized agent, Raymond M. Davis, were false, fraudulent, and untrue; that neither the defendant bank nor defendant Raymond M. Davis believed them to be true, and that said promises and representations were made without any intention of performing them, and with intent to defraud the

plaintiffs; that plaintiffs believed and relied upon the foregoing false, fraudulent representations, and as a direct result of their reliance upon said false and fraudulent statements were defrauded out of the value of their property; that plaintiffs defaulted and ceased to prosecute the quiet-title action; that judgment was recovered by the bank in the sum of $9,246.09 in the foreclosure action upon the $8,000; that the property was sold for the sum of $8,328.85 and costs in the sum of $81.91; that a default judgment was entered in the sum of $917.24; that plaintiff demanded that the bank reconvey to plaintiffs and offered the sum of $7,500 in cash and a note payable in ninety days secured by a mortgage for $828.85; that on or about the twentieth day of October, 1925, at the defendant American Savings Bank of Pomona, defendant Robinson, with the knowledge, approbation and approval of the directors of the bank, falsely, fraudulently, and knowing it to be untrue, stated to plaintiff Rex Frank Whittemore that the contract of conveyance of the property from defendant American Savings Bank to plaintiffs was nearly completed, but that before it could be finally consummated defendant bank would have to have a quitclaim deed to the property signed by these plaintiffs; that said foregoing statements of defendant bank, through its duly authorized agent, were false, fraudulent, and untrue; that neither the defendant bank nor defendant F. C. Robinson believed them to be true, and that said statements were made without any intention of performing them, and with intent to defraud plaintiffs; that plaintiffs executed and delivered a quitclaim deed to the bank; that further demands to reconvey were refused and plaintiffs ask damages in the sum of $25,917.24.

A general demurrer was filed; also a special demurrer upon twelve designated grounds. The third amended complaint is indefinite and incomplete in many respects, but we will consider only the points raised that warranted an order sustaining the demurrer without leave to amend. Ground two of the demurrer reads as follows: ''Whether or not a cause of action existed in favor of plaintiffs against C. E. Jones and Mary Doe Jones at the time they filed the quiet title action, or at any time, and/or whether said cause of action was effectively pleaded and/or whether said action is still pending and/or in what manner or to what extent

plaintiffs, or either of them, suffered any detriment or loss or defendants gained any benefit by plaintiffs' inaction in said action.'' The statement in the complaint in reference to the Joneses is immaterial to the issue attempted to be raised, unless it could be connected with a continuous scheme or plan on the part of the defendants to defraud. If so, defendants were entitled to know in what manner plaintiffs were deceived and thereby defrauded. Inaction or cessation of prosecuting the quiet-title action could not interfere with the orderly proceedings in the foreclosure suit.

In ground five the defendants demurred as follows: ''Whether at the time plaintiffs did default in the foreclosure proceedings'' . . . ''a valid and meritorious defense thereto existed in favor of plaintiffs, or either of them, or in what manner or to what extent plaintiffs, or either of them, suffered any detriment or loss, or defendants gained any benefit by plaintiffs' default and/or in what respects, if at all, the judgment of foreclosure . . . was affected by or was other and different by reason of plaintiffs' alleged default.''

There are no allegations in the complaint that the Whittemores were or were not in default under the mortgage. If owners of property are in default in a foreclosure action and the proper foundation is laid by the mortgagees to bring the action properly alleged, the owners have no defense and the failure to file an untenable defense could not form consideration for a contract. If the Whittemores had a defense then it should be alleged as a means of determining the question of consideration for the alleged contract to forbear from appearing and defending. In appellants' brief there is no contention presented that any defense could have been made to the foreclosure suit in so far as the five thousand dollar note is concerned, but that the three thousand dollar note was given without consideration and that that allegation is sufficient consideration for the contract not to defend in the foreclosure suit. The allegations in reference to the three thousand dollar note are uncertain and ambiguous. The terms of the mortgage are not set out and no reference is made which would indicate whether or not this mortgage did not also secure the three thousand dollar note. These omissions were important because appellants' alleged contract to forbear to

plead is relied upon as part consideration for an alleged subsequent agreement with the bank.

Defendants also demurred to the portion of the complaint alleging the execution and delivery of the quitclaim deed. The complaint does in effect state that the plaintiffs relied upon promises and representations that the bank would immediately give to plaintiffs a contract of conveyance of the property, but it does not appear in the complaint that any representative of the bank ever made a statement that the bank would immediately give to appellants a reconveyance. It does appear that the "bank would have to have a quitclaim deed", but it does not appear that appellants believed such alleged statement. "Unless an untrue statement is believed and acted upon it can occasion no legal injury. It is essential, therefore, that the party addressed should trust the representation and be so thoroughly induced by it, that judging from the ordinary experience of mankind, in the absence of it he would not in all reasonable probability have entered into the contract or other transaction." (*Spinks* v. *Clark*, 147 Cal. 439, 444 [82 Pac. 45, 47].)

The demurrer raises many other objections of incompleteness of allegation and lack of dates. It is unnecessary to discuss the other points presented except to say that upon special demurrer most of the objections should be sustained.

A pleading must be construed most strongly against the pleader (*Du Bois* v. *Padgham*, 18 Cal. App. 301 [123 Pac. 207]), and so construed, the complaint fails to state a cause of action. If the allegations in a pleading are silent as to dates and it appears that such dates are material to the issue, it must be presumed that a statement of such dates would have weakened the pleader's case. The same rule applies when the pleader fails to make a clear, specific statement of the facts relied upon (*Smith* v. *Buttner*, 90 Cal. 100 [27 Pac. 29]). Paragraph 171, page 274, of volume 1 of Perry on Trusts and Trustees, seventh edition, relied upon by appellants, is not applicable to this case. The authorities cited do not support the form of action appellants elected to pursue.

In *Stewart* v. *Douglass*, 148 Cal. 512 [89 Pac. 699], the trial judge sustained a demurrer to the fourth amended complaint and the Supreme Court held: "It is not error

for the court to refuse to allow further amendments to the complaint. When a demurrer is sustained to a complaint it is within the discretion of the court either to allow an amended complaint to be filed or to give judgment forthwith in favor of defendant. The appellate court will, in every such case, sustain the action of the court below, whatever course it may take, unless it is made to appear by the record that there has been an abuse of discretion." ▉ A plaintiff may not, without limit, replead after demurrer sustained. In this case another amended complaint would have been a fourth attempt to state a cause of action. The trial court was well within its discretion when it determined that if appellants could not present a cause of action in the third attempt, the limit had been reached.

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.