[Civ. No. 1610. Fourth Appellate District.—March 30, 1936.]

LUCRETIA THAYER et al., Appellants, v. ARTHUR H. MAGILL et al., Respondents.

John F. Poole for Appellants.

Fred A. Wilson and A. D. Mitchell for Respondents.

SCOVEL, J., *pro tem.*—This in an action for rescission of a contract of sale of a twenty-acre orange grove situated in San Bernardino County. In their fifth amended complaint plaintiffs allege the due execution of the contract wherein defendants Magill agreed to sell and plaintiffs agreed to buy twenty acres of oranges therein described, together with all pots and heating equipment on said land and 167 shares of water stock for the total purchase price of $55,000, payable $1,000 in cash, $7,200 represented by a house and lot with the furnishings therein owned by plaintiffs and the balance payable out of moneys derived from the sale of fruit raised on said land. Such fruit was to be sold through a packing house and the net proceeds received therefrom paid to defendant, Arthur H. Magill, as trustee, he to disburse the same as follows: First, to pay all legal taxes and assessments against said grove; second, to pay all moneys which the vendors should have expended in caring for said grove; third, to pay vendees all moneys expended by them in the care of said grove, and, fourth, the balance to be applied upon the unpaid purchase price. It is alleged that the vendees thereupon entered into possession of said property and duly performed all the conditions of said contract on their part to be performed, and thereafter, to and including September 1, 1932, expended in the care and operation of said grove the sum of $5,746.89. That during said period of time said trustee received the sum of $6,136.03 from the proceeds of the sale of fruit grown on said grove and paid to the vendors $467.65 for taxes and expenses of the grove between November 1, 1930, and April 1, 1931, leaving a balance of $5,668.38 "applicable to the reimbursement of plaintiffs for their expenditures in the care and operation of said grove", but that said trustee

only paid to plaintiffs the sum of $4,317.70, leaving the sum of $1350.68 "applicable to the reimbursement of plaintiffs for their expenses in the care and operation. of said grove after payment to said vendors of all sums expended by them" under the provisions numbered first and second above set forth. Demand by plaintiffs upon said defendants for payment of said sum and their refusal is alleged.

It is further alleged that in said contract it was agreed that the vendors would upon request place in escrow with a bank or trust company agreeable to the parties a deed for said property with the vendors as grantors and the vendees as grantees, to be delivered to the latter when the property had been fully paid for, and that in August, 1932, vendees made such demand but that vendors refused to comply. The complaint further alleges that during the month of May, 1932, "said vendors voluntarily placed it out of their power to perform their contract in respect to said deed and contract by executing and delivering to defendants Mehl a deed to said grove with themselves as grantors by which the legal title to said grove was conveyed to said defendants Mehl, in which deed it was stated that it was given subject to said contract of July 29, 1930".

It is then alleged that on September 2, 1932, plaintiffs served upon defendants a notice of rescission, that by reason of the aforesaid nonpayment to plaintiffs of the moneys due them and by reason of the refusal to place in escrow the above-mentioned deed, they rescinded the contract. It is nowhere alleged, however, that in the notice of rescission plaintiffs ever offered to restore anything of value received by them. Plaintiffs next allege that upon service of said notice of rescission on September 2, 1932, "all said defendants accepted and acquiesced in the same". That prior thereto, in the month of May, 1932, defendants rescinded the contract by said Mehls entering into actual possession of the grove. The complaint then concludes by an allegation that the contract was rescinded by vendees on September 2, 1932, and prays judgment declaring that the contract of sale was rescinded on September 2, 1932, and that they be given judgment for all amounts theretofore paid by them on the contract. To this fifth amended complaint defendants filed a general demurrer and various special demurrers. The de-

murrer was sustained without leave to amend and plaintiffs have appealed.

A fair reading of the complaint discloses that the cause of action upon which plaintiffs rely is based upon their notice of rescission served on September 2, 1932; at considerable length the alleged default of defendants for failure to pay plaintiffs moneys due them from the sale of fruit grown thereon is alleged, together with failure of defendants Magill to escrow and deliver in escrow the deed hereinbefore referred to. Plaintiffs' computation of the expenditures made from such moneys received by defendant Magill as trustee includes expenditures made for taxes upon the grove for the 1930–31 taxes, but is silent as to any payment for the 1931–32 taxes. If the amount of these taxes exceeds the balance remaining as alleged by plaintiffs, to wit: $1350.68, then there would in fact be no moneys left applicable to the reimbursement of vendees for any expenditures incurred by them. If such taxes were not paid, then the trustee, under the contract, must have retained an amount sufficient for their payment, since he was obligated to pay all taxes, and while his failure to pay the same might constitute a breach of the contract, still plaintiffs would have no right of reimbursement from funds retained for that purpose. This at least constituted an ambiguity which was not cured by the allegation that said sum of $1350.68 was "applicable to the reimbursement" of vendees, such averment being a mere conclusion of law and limited by the facts pleaded. (*Burke* v. *Board of Trustees,* 4 Cal. App. 235 [87 Pac. 421].) Defendants' demurrer on this ground was properly sustained, and it not definitely appearing that any moneys were due plaintiffs, no ground for rescission on this basis was shown.

The second ground of rescission set forth in the notice of rescission served by plaintiffs was the failure on the part of defendants Magill to deposit in escrow the deed hereinbefore mentioned. As heretofore noted, however, it is not alleged that plaintiffs ever offered to restore anything of value received by them, although under the contract they received the pots and heating equipment upon the property, together with the use of 167 shares of water stock. It is well settled that rescission cannot be effected without an offer to restore (Civ. Code, sec. 1691; *Los Molinos Land Co.* v. *MacKay,* 175 Cal. 305 [165 Pac. 926]; *Kelley* v. *Owens,* 120 Cal. 502 [47

Pac. 369, 52 Pac. 797]), the only exception to this rule being where the vendee has received nothing of value. Defendants having failed to plead such offer, the general demurrer was properly sustained, even though the failure of defendants Magill to execute and deliver the deed might have been sufficient ground for rescission.

Plaintiffs further contend that the facts pleaded show a rescission of the contract on the part of the defendants themselves by virtue of the conveyance by the vendors Magill to defendants Mehl, they thereby having voluntarily placed it out of the vendors' power to convey. The bare allegation, however, that the "vendors voluntarily placed it out of their power to perform" is a mere conclusion. (*Garberino* v. *Roberts,* 109 Cal. 125 [41 Pac. 857].) In *Brimmer* v. *Salisbury,* 167 Cal. 522 [140 Pac. 30], it is held that "a vendor will not have breached his contract if he shall have conveyed the property subject to or under circumstances such as do protect the rights of his vendee". Plaintiffs herein allege that the conveyance from Magills to Mehls was given subject to plaintiffs' contract. No facts are alleged showing why the vendors would not be able to perform when the time for performance arrived.

It is further contended, however, that plaintiffs' allegation that all parties "consented and acquiesced" in the rescission claimed by plaintiffs on September 2, 1932, is sufficient to sustain the complaint. The bare allegation, however, of "consent" and "acquiescence" is but another conclusion. No facts are alleged showing how or in what manner such consent and acquiescence were shown.

Although the theory upon which plaintiffs' complaint is based shows clearly that rescission is claimed upon the notice of rescission served by them on defendants on September 2, 1932, and the relief prayed for based on such theory, they now maintain that voluntary rescission on the part of defendants is shown by the allegations to the effect that Mehls entered into actual possession of the property in May, 1932. Whether or not this contention is sound need not be determined since, if true, it constituted another ambiguity in the pleading and subject to defendants' demurrer on the ground that it could not be ascertained whether rescission was claimed upon defaults of vendors or upon mutual consent or upon the notice of rescission pleaded by plaintiffs.

We are of the opinion that the ruling on demurrer was proper, and that the complaint having been amended five times without plaintiffs having been able to state a cause of action that was not demurrable, the court properly sustained the demurrer without leave to amend.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.