[Civ. No. 7436. Third Dist. Mar. 24, 1948.]

EDWARD C. FREY, Respondent, v. B. HARDIN CORBIN et al., Appellants.

Everitt L. Mossman, Wallace W. Cox and David C. Dunlap for Appellants.

Taft, Wright & Hopkins for Respondent.

PEEK, J.—By his complaint plaintiff sought to have declared his tenancy as a subtenant of defendants in certain business property located in the city of Vallejo, and that defendants be estopped to deny his tenancy during the term of his alleged lease. Defendants answered denying generally the allegations of plaintiff's complaint, and sought damages and restitution of the premises, as stated in their cross-complaint, for the alleged failure of plaintiff to pay the increased rental demanded of him in defendants' notice of change in the terms of plaintiff's tenancy theretofore served upon him by defendants.

At the conclusion of the trial on the issues so joined the court specifically found that commencing on or about March 7, 1944, plaintiff and one Schamun became the sublessees of defendants at 717½ Marin Street, Vallejo. On September 8, 1944, plaintiff purchased the interest of his partner in the meat and vegetable market operated by them at said address, and ever since has been the sole owner thereof and has continued to occupy the premises as a subtenant of defendants. During all of this time defendants were the lessees of the premises occupied by plaintiff as mentioned and also of 717 Marin Street (wherein they operated a photo supply shop), under a lease which expired on or about January 1, 1945, and which was renewed on or about that date for a period of five years. About April, 1943, when defendant B. Hardin Corbin entered the armed forces he executed and delivered to his wife, the defendant Carol Corbin, a general power of attorney, including the power to sublease said premises and to do all things necessary in connection therewith. On December 24, while Mrs. Corbin was so acting under said power of attorney plaintiff requested a written lease of that portion of the premises then occupied by him. At said time Mrs. Corbin told plaintiff: "You have nothing to worry about; as long as we are lessees of the property, you can occupy the premises at 717½ Marin Street." Plaintiff, in reliance upon the promises of said defendant Carol Corbin made no attempt

to obtain a separate lease for himself from the owners but urged Mrs. Corbin to obtain a renewal of defendants' lease and assured her if a new lease could be obtained he would pay his share of the increased rental.

On or about December 30, 1944, Mrs. Corbin informed plaintiff she had obtained a new lease beginning January 1, 1945, and that commencing January 25, 1945 his rental would be $122.50, which rental plaintiff paid to and including April 25, 1945. On or about March 25, 1945 Mrs. Corbin informed plaintiff she had received a letter from her husband wherein he stated that plaintiff should assume the entire increase under the new lease, and accordingly beginning April 25, 1945 his rental would be $148 per month and at that time it was agreed the sum of $148 was the last raise and that the rent would not thereafter be increased. Plaintiff agreed to such conditions and in reliance upon said representations paid defendants the designated rental of $148 to and including March 25, 1946, and ever since has been able and willing to continue to pay the same. On or about January 2, 1945, plaintiff desired to alter and improve the premises occupied by him and asked permission of Mrs. Corbin to do so, whereupon he and Mrs. Corbin went to one of the owners explaining in detail the proposed alterations and improvements which were approved by both the owner and Mrs. Corbin. Plaintiff in further reliance upon representations of Mrs. Corbin proceeded to so alter and improve his store expending therefor the sum of approximately $4,000. Mrs. Corbin observed the work being done by plaintiff and made no objections thereto, and had it not been for her representations that he could remain on the premises as long as she and her husband were the lessees of the whole building and premises plaintiff would not have made the improvements.

The court further found that defendant B. Hardin Corbin on February 7, 1946 (after his return from the armed service) served a three-day notice on plaintiff to pay rent in the sum of $148 or surrender possession of the premises, and that plaintiff thereupon paid the rent demanded. On February 21, 1946, defendant B. Hardin Corbin caused to be served on plaintiff a further notice that beginning March 25, 1946, his rent would be increased to the sum of $2,000 per month, and that plaintiff refused to pay the increased rental, relying at all times upon the agreement made with Mrs. Corbin. Additionally the court found that the sum of $148 was a reason-

able rental, and that plaintiff had waived no rights in his lease to the premises.

The court concluded from the foregoing findings of fact that plaintiff was entitled to a lease from defendants for a period of five years from and after January 1, 1945, at a rental of $148 per month; that defendants are equitably estopped to deny said tenancy; that defendants be restrained from interfering with plaintiff in his occupancy thereof and that the attempted eviction of plaintiff for failure to pay the increased rental was of no effect and that defendants take nothing by their cross-complaint.

From the judgment which was entered accordingly defendants have appealed, in general attacking the sufficiency of the evidence to support the findings on two grounds, (1) that the evidence is insufficient to support the findings that any lease for a term of five years had been entered into between the parties, either oral or otherwise, or the agreed rental therefor, and (2) that evidence is wholly lacking in the necessary elements of estoppel to assert the Statute of Frauds.

■ As appellants contend, it is well established that "[a] valid lease of real property must set forth, in addition to the parties, a description of the premises and the rental to be paid, the *term* for which the property is demised." (Italics ours.) (*Losson* v. *Blodgett*, 1 Cal.App.2d 13 [36 P.2d 147].)

The sufficiency of the designation of the parties or the description of the premises is not questioned but appellants do strongly question the sufficiency of the evidence relative to the rental to be paid and the term of plaintiff's occupancy.

■ It is first contended that the different rentals paid, that is, $122.50 and $148 is of itself positive evidence of the fact that the parties did not consider the rent as fixed in any definite amount. However, the record disclosed testimony that the sum of $122.50 was understood by plaintiff and Mrs. Corbin to be tentative only and was subject to the subsequent confirmation or change by Mr. Corbin after he had an opportunity to reply to the letter from his wife wherein she specifically asked what the rental should be; also there was the additional testimony that Mrs. Corbin stated to plaintiff that the final raise to $148 would be the last, and the fact that this sum was paid by plaintiff for approximately one year pursuant to the reply from Mr. Corbin that plaintiff should pay the entire amount of the increase demanded by the terms of the new lease. Although the sum of $122.50 was tentative

it appears to have been so only because of the time necessarily consumed in the delivery of Mrs. Corbin's letter to Mr. Corbin in India, and the time for his reply to reach her. The sum of $148 then became the definite price as agreed between plaintiff and Mrs. Corbin, the time and manner of payment remaining unchanged. (*Levin* v. *Saroff*, 54 Cal.App. 285, 288 [201 P. 961].)

 The second portion of defendants' first contention likewise appears to be without merit. The record shows that the original lease expired in November 1944, and that negotiations were carried on by defendant Mrs. Corbin from the previous September until the new lease was executed, either during the last two weeks of December 1944 or the first part of January 1945 (the exact date thereof is not shown).

The record further shows that the conversations upon which plaintiff predicates his case took place over a considerable period of time beginning at a date several months prior to the expiration of the old lease and continuing into January 1945, after the new lease had taken effect. Specifically the testimony of plaintiff shows that during the latter part of December, 1944, or the first part of January, 1945, Mrs. Corbin informed him she had a new lease, at which time she again told him and his attorney he had nothing to worry about, that he could remain as long as defendants had a lease. It was upon such facts that the trial court in effect concluded that the statements of Mrs. Corbin constituted an oral offer to lease the premises for the term of defendants' lease, to wit, five years. While the actual dates of the conferences between plaintiff and Mrs. Corbin do not appear with any degree of exactness it cannot be said that there is no evidence to support the findings of the trial court. The lease obtained by Mrs. Corbin was for the definite term of five years, and by reference to such certainty the sublease of plaintiff was thereby made certain. (Civ. Code, § 3538; Tiffany on Real Property (3d. ed.), p. 130.)

 In support of their final contention appellants assert that there is no finding of actual fraud, that the terms of the alleged lease did not appear with sufficient certainty, that the alleged detriment suffered by plaintiff in making the improvements was an act of his own initiative performed after the execution of the alleged lease and that there was no representation that a written contract would be executed.

As stated in the case of *Notten* v. *Mensing*, 3 Cal.2d 469 [45 P.2d 198] : " ' 'All that is meant in the expression that an

estoppel must possess an element of fraud is that the case must be one in which the circumstances and conduct would render it a fraud for the party to deny what he had previously induced or suffered another to believe and take action upon. . . . There need be no precedent corrupt motive or evil design.' "

The gist of the rule would seem to be that the one against whom the estoppel is asserted must, either by his silence or representation, have created a belief in the existence of a state of facts, which it would be unconscionable to deny. (*Notten* v. *Mensing, supra.*)

Here the court found that had it not been for the representation of Mrs. Corbin that plaintiff could remain as long as defendants had a lease, plaintiff would not have made said improvements and alterations. The facts thus found to be true and which find support in the record warrant the application of the doctrine in the present case.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.