[L. A. No. 21714.   In Bank.   Feb. 7, 1951.]

HENRY RUINELLO, Appellant v. DOROTHY CLUNE MURRAY, Respondent.

Seymour D. Sommer for Appellant.

Gibson, Dunn & Crutcher, Frederic H. Sturdy and John T. Pigott, Jr., for Respondent.

TRAYNOR, J.—Plaintiff appeals from a judgment of dismissal entered after a demurrer to his third amended complaint was sustained without leave to amend.

Plaintiff alleges that in October, 1945, he and defendant entered into an oral agreement whereby in consideration of plaintiff's giving up a "permanent life-time position" with another employer as engineer and superintendent of the 834 South Broadway Building and taking a similar position with defendant, the owner of the Ninth and Broadway Building in Los Angeles, for the term of five years, defendant would pay plaintiff a monthly salary of $350 plus a yearly bonus of 20 per cent of the gross income in excess of $114,000; that plaintiff had been continuously employed as engineer and superintendent of the 834 South Broadway Building since its erection in 1926 until October, 1945, when he resigned to enter the employ of defendant; that plaintiff was personally acquainted with defendant for 20 years and had been previously employed by defendant's deceased husband and by defendant, who were lessees of 834 South Broadway Building from 1933 to 1943; that plaintiff was employed by defendant from December 1, 1945, to February 21, 1948, when defendant summarily discharged him to avoid payment of the bonus; that during the period plaintiff worked for defendant he was able to increase the annual gross income of the building to

approximately $263,000. Plaintiff seeks recovery of $11,050, the sum he would have been entitled to receive as salary during the remainder of the employment agreement. He also prays for an accounting of the gross profits and for judgment for 20 per cent of the yearly gross profits in excess of $114,000.

Defendant demurred to plaintiff's original complaint on the ground that the oral agreement, admittedly not to be performed within one year, was within the statute of frauds. (Civ. Code, § 1624(1); Code Civ. Proc., § 1973(1).) The trial court sustained the demurrer to the original complaint as well as the demurrer to the amended complaint. Plaintiff, by stipulation, followed his second amended complaint with a third amended complaint to which a demurrer was sustained without leave to amend.

■ Plaintiff contends that he has alleged sufficient facts to estop defendant from relying on the statute of frauds. There can be no estoppel unless plaintiff will suffer unconscionable injury or defendant will be unjustly enriched if the oral contract is not enforced. (*Monarco* v. *Lo Greco*, 35 Cal.2d 621, 623-624 [220 P.2d 737] and cases there cited.) Plaintiff has not alleged facts that meet either of these conditions.

■ To state a cause of action based on unconscionable injury it is not enough to allege that plaintiff gave up existing employment to work for defendant. (*Murdock* v. *Swanson*, 85 Cal.App.2d 380, 385 [193 P.2d 81]; *Standing* v. *Morosco*, 43 Cal.App. 244, 248 [184 P. 954].) He must set forth his rights under the contract given up and show that they were so valuable that unconscionable injury would result from refusing to enforce the oral contract with defendant. (See, *e.g. Seymour* v. *Oelrichs*, 156 Cal. 782, 792 [106 P. 88, 134 Am.St.Rep. 154]; *Tuck* v. *Gudnason*, 11 Cal.App.2d 626, 627-628 [54 P.2d 88]; *cf. Wilk* v. *Vincill*, 30 Cal.2d 104, 105-107 [180 P.2d 351].) Plaintiff alleges that he resigned a "permanent life-time position" under an oral contract with another employer to enter defendant's employ. This allegation does not show that plaintiff will suffer an unconscionable injury if the oral contract with defendant is not enforced. ■ Ordinarily a contract for permanent employment, for life employment, for so long as the employee chooses, or for other terms indicating permanent employment, is interpreted as a contract for an indefinite period terminable at the will of either party, unless it is based on some considera-

tion other than the services to be rendered. (*Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 39 [172 P.2d 867]; *Lord* v. *Goldberg*, 81 Cal. 596, 601-603 [22 P. 1126, 15 Am.St.Rep. 82]; *Shuler* v. *Corl*, 39 Cal.App. 195, 197-198 [178 P. 535]; see cases collected in 35 A.L.R. 1432; 135 A.L.R. 646.) ■ Since plaintiff has not alleged such consideration or other terms indicating a contrary intention, it cannot be concluded that the employment he gave up was not at the will of either party. The leaving of such employment for employment with defendant that is also terminable at the will of either party because of the statute of frauds does not result in unconscionable injury. (*Murdock* v. *Swanson, supra*; *Standing* v. *Morosco, supra*.)

■ Nor are there allegations of facts showing that defendant will be unjustly enriched if the contract is not enforced. Although plaintiff alleges that the gross income of defendant's building was substantially increased as a result of his efforts, he does not allege that the reasonable value of his services was greater than the $350 a month he was paid while working for defendant. No unjust enrichment results when the promisee has received the reasonable value of his services. If the salary he received under the oral contract was not the equivalent of the reasonable value of his services, an action in *quantum meruit* for that value would prevent any unjust enrichment of defendant. (See *Monarco* v. *Lo Greco*, 35 Cal. 2d 621, 625 [220 P.2d 737]; *Long* v. *Rumsey*, 12 Cal.2d 334, 342 [84 P.2d 146]; Restatement, Contracts, § 355, Illustration 1.)

■ Although the deficiencies in plaintiff's complaints were raised in defendant's demurrers, after three attempts he has not overcome them. The trial court could reasonably conclude that he was unable to do so, and accordingly, it did not abuse its discretion in sustaining the demurrer to the third amended complaint without leave to amend. (*Wing* v. *Forest Lawn Cemetery Assn.*, 15 Cal.2d 472, 485 [101 P.2d 1099, 130 A.L.R. 120]; *Dukes* v. *Kellogg*, 127 Cal. 563, 565 [60 P. 44]; *Werner* v. *Hearst Publications, Inc.*, 65 Cal.App.2d 667, 673 [151 P.2d 308]; *Thayer* v. *Magill*, 13 Cal.App.2d 21, 27 [55 P.2d 1272]; *Whittemore* v. *Davis*, 112 Cal.App. 702, 708-709 [297 P. 640].)

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Schauer, J., and Spence, J., concurred.

CARTER, J., Dissenting.—In my opinion the complaint sets forth circumstances showing that plaintiff will suffer an unconscionable injury if the oral contract with defendant is not enforced. It is alleged that plaintiff had been continuously employed as engineer and superintendent of the 834 South Broadway Building in the city of Los Angeles from the time it was erected in 1926 until October 14, 1945; that at the latter date plaintiff was employed under an oral agreement with the owner of the building, Aaron Weinraub, whereby plaintiff had a permanent lifetime job; that plaintiff resigned this position at the request of defendant and in reliance upon an oral agreement with defendant; that the latter agreement provided that defendant would pay plaintiff a monthly salary and a yearly bonus in consideration of plaintiff's giving up his position with Weinraub and taking a similar position with defendant, the owner of the Ninth and Broadway Building, for a term of five years; that plaintiff took over his duties as superintendent and engineer of the defendant's building on December 1, 1945, and performed such duties until February 21, 1948, when defendant discharged plaintiff without cause to avoid the payment of the bonus to which plaintiff was entitled.

The holding of the majority that the foregoing allegations do not state facts which estop defendant from relying upon the statute of frauds is based upon the proposition that a "permanent lifetime position" ordinarily means merely an employment for an indefinite period which is terminable at the will of either party and *Murdock* v. *Swanson*, 85 Cal.App. 2d 380 [193 P.2d 81], and *Standing* v. *Morosco*, 43 Cal.App. 244 [184 P. 954], are cited as authority for the conclusion that "The leaving of such employment for employment with defendant that is also terminable at the will of either party because of the statute of frauds does not result in unconscionable injury."

The complaint in the Standing case alleged that the plaintiff, at the defendant's request, gave up his employment and sold his home and furniture in New York and moved to Los Angeles in order to enter the defendant's employ in the latter city. The decision that a cause of action based upon an unconscionable injury had not been stated appears to have been based upon an erroneous conception of the proper construction of the pleadings. (See Code Civ. Proc., § 452; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 42 [172 P.2d 867];

*Buxbom* v. *Smith*, 23 Cal.2d 535, 542 [145 P.2d 305].) From the premise that "Assuming against the pleader, as we must, all facts reasonably consistent with the facts alleged, but adverse to the plaintiff," (43 Cal.App. at 248) the court concluded that no serious detriment to the plaintiff would result from its refusal to enforce the contract with the defendant.

It was surmised that perhaps the plaintiff had sold his property in New York at a profit and that possibly he preferred to live among the ranks of the unemployed in Los Angeles. Directly contrary to that decision on substantially similar facts is *Kaye* v. *Melzer*, 87 Cal.App.2d 299 [197 P.2d 50].

Even if it be assumed that the result reached in the Standing case was proper on the ground that sufficient facts had not been set forth with regard to the New York employment which had been given up, the complaint in the present case is not deficient in that respect. As stated above, plaintiff alleged that he had been continuously employed for 19 years in his previous position with the 834 South Broadway Building and that this employment was to continue at least indefinitely.

*Murdock* v. *Swanson, supra,* was an action upon an oral contract to make a will. The complaint alleged that the plaintiff had sold her business in order to devote her time to performing services for the decedent. In holding that facts were not alleged which indicated that a serious change of position had taken place, it was said that the allegation with regard to the plaintiff having sold her business was insufficient because it was not asserted that the decedent requested or knew of the sale. (But see *Wilk* v. *Vencill*, 30 Cal.2d 104, 108 [180 P.2d 351], where this requirement is repudiated; see, also, *Tuck* v. *Gudnason*, 11 Cal.App.2d 626 [54 P.2d 88].) Again, even if the Murdock case merits approval on its facts, it furnishes no precedent for the present case. It is alleged here in considerable detail that plaintiff gave up his prior employment at the request of defendant.

The fact that plaintiff's employment agreement with Weinraub may have been terminable at will does not compel the conclusion that he will not suffer serious detriment if his contract with defendant is not enforced. In the first place, it is, I submit, a matter of common knowledge that one who has been employed in the same position for a number of years has performed satisfactory services, enjoys the good will of his employer, and will not ordinarily be discharged without good cause. In this respect plaintiff's change of position was

not materially different from that involved in *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]. While plaintiff's rights under his contract of employment with Weinraub may not have been as definitely defined as those fixed by the former contract of the plaintiff in the Seymour case, yet in a very real sense plaintiff has given up substantially the same thing.

The decisions holding that an action to recover damages may be predicated upon an intentional and unjustifiable interference with a contract terminable at will (*Speegle* v. *Board of Fire Underwriters, supra,* 29 Cal.2d 34, 39-40, and cases cited; *Romano* v. *Wilbur Ellis & Co.,* 82 Cal.App.2d 670, 673 [186 P.2d 1012] ; see Prosser, Torts, pp. 981-982) indicate that the loss of such a contract *does* involve a serious detriment. Particularly is this true with respect to employment contracts—the means by which the great majority of people earn a living. Thus, the severe individual hardships resulting from unemployment and the national problems thereby created were recognized by Congress in enacting the Social Security Act of 1935. (*Steward Machine Co.* v. *Davis,* 301 U.S. 548, 586-587 [57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293].) That the giving up of employment of long duration, as is here alleged, is not a matter of great importance to the employee, and a serious change of position on his part, is, in my opinion, a highly unrealistic conclusion.

The majority opinion cites *Wilk* v. *Vencill,* 30 Cal.2d 104 [180 P.2d 351], as an example of the showing necessary to establish an estoppel to rely upon the statute of frauds. The only substantial change of position there was that the plaintiff gave up an opportunity to purchase another house in the neighborhood in reliance upon the defendant wife's oral consent to an agreement to sell the defendants' house to the plaintiff, it being alleged that there were no other houses available in the vicinity. If such a comparatively slight inconvenience or the mere loss of a desirable opportunity, rather than the termination of an agreement relating to one's very means of livelihood, is the proper test of unconscionable injury, then plaintiff has also brought himself within that rule. The complaint alleges that plaintiff informed defendant in September, 1945, that he planned to remain on his job at the 834 South Broadway Building for another five years, at which time he expected to retire; "that the defendant then stated to the plaintiff that if he desired to work for five years only that would be agreeable to her and that if he would accept the

position (with defendant) they could both retire at the end of five years." From the additional allegations that plaintiff resigned his position with Weinraub and accepted defendant's offer and that plaintiff was discharged by defendant in February, 1948, it is evident that Ruinello's plan to retire in 1950 has been frustrated if the oral contract with defendant is not to be enforced, just as the desire of the plaintiff Wilk to acquire a home in one neighborhood would have been frustrated if his oral agreement had not been enforced.

In my opinion the change of position alleged here is at least as serious as those involved in *Wilk* v. *Vencill, supra, Vierra* v. *Pereira,* 12 Cal.2d 629 [86 P.2d 816], *Wilson* v. *Bailey,* 8 Cal.2d 416 [65 P.2d 770], *Frey* v. *Corbin,* 84 Cal. App.2d 536 [191 P.2d 21], *Beverly Hills Nat. Bank* v. *Seres,* 76 Cal.App.2d 255 [172 P.2d 894], and *Holstrom* v. *Mullen,* 84 Cal.App. 1 [257 P. 545].

I would, therefore, reverse the judgment.

Appellant's petition for a rehearing was denied March 8, 1951. Carter, J., voted for a rehearing.