[Civ. No. 9073.   Fourth Dist., Div. Two.   Apr. 28, 1969.]

WINDSOR MILLS, Plaintiff and Appellant, v. BROADMOOR HOMES, INC., Defendant and Respondent.

Harry I. Sky for Plaintiff and Appellant.

Robert B. Holland for Defendant and Respondent.

McGOLDRICK, J. pro tem.*—This appeal stems from a companion case 4 Civil 9072, *Windsor Mills* v. *Richard B. Smith, Inc., ante,* p. 336 [77 Cal.Rptr.. 300] and it involves the same issues.

Plaintiff here appeals from an order sustaining a general demurrer without leave to amend its third amended complaint. The third amended complaint alleged a cause of action by a materialman against a landowner to foreclose a mechanic's lien. The amount involved is the same as in cause 4 Civil 9072.

The demurrer was sustained to the third amended complaint without leave to amend upon the ground that plaintiff did not allege compliance with the requirement of section 1193 of the Code of Civil Procedure, that is, the serving of a pre-lien written notice. The facts here are the same as in action 4 Civil 9072 except there is nothing in the record or the briefs to connect Scott Biddle with Broadmoor Homes or any of its associate defendants. Thus, as far as this appeal from the judgment in favor of Broadmoor Homes is concerned, it does not appear that plaintiff gave even an oral pre-lien notice to the defendant. The same procedure was followed by the trial court as alluded to in cause 4 Civil 9072 which we incorporate herein by reference.

We are not concerned with so-called estoppel, waiver and unjust enrichment in this case, and even if we were, our dispositon would be the same.

The sole point remaining is plaintiff's contention that section 1193 of the Code of Civil Procedure is unconstitutional. For the same reasons as were urged in action 4 Civil 9072 as to this point, what we have said with reference to the constitutionality of section 1193 also applies in this case. ▪ The court here is also not required to permit the filing of an amended complaint where it is clear that a cause of action cannot be stated. (*Ruinello* v. *Murray,* 36 Cal.2d 687, 690 [227 P.2d 251]; *Galanis* v. *Mercury Intl. Ins. Underwriters,* 247 Cal.App.2d 690, 699-700 [55 Cal.Rptr. 890].)

The order is affirmed.

McCabe, P. J., and Tamura, J., concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.