[Civ. No. 16435. Second Dist., Div. Three. Dec. 30, 1948.]

GEORGE R. LEWIS et al., Respondents, v. McWHIRTER
PETROLEUM COMPANY et al., Appellants.

Monta W. Shirley and Orris R. Hedges for Appellants.

Hampton Hutton for Respondents.

SHINN, P. J.—McWhirter Petroleum Company and Van McWhirter, hereinafter referred to as defendant, appeal from a judgment declaring null and void a lease upon a parcel of land improved and operated as a gasoline service station. Prior to July, 1945, the property was owned by Kimball and wife, and was subject to a lease to defendant which expired September 1, 1945. Defendant, who was a distributor of gasoline and oil products of Petrol Corporation, had a man named Lahy operating the station. Plaintiffs purchased the property in July, 1945, and they entered into a written lease with defendant as lessee, for the term September 1, 1945 to September 1, 1950. The only provision for rent was "one cent a gallon on all leaded gas" payable on or before the 10th day of each month. At the time the lease was executed it was orally agreed between plaintiffs and defendant that the former might enter into possession of the premises and operate the station, receiving certain discounts for products purchased from defendant, and that they would not be evicted by defendant during the term of their lease to him. Defendant subleased the property to Petrol and took back from Petrol a sublease and contract providing for exclusive handling of Petrol products on the property. At the time plaintiffs purchased the property George Lewis could not operate the station for the reason that he was "frozen" in his job at Lockheed, but in August he was released from that employment. At plaintiffs' request defendant discharged Lahy, placed plaintiffs in possession of the service station, and they operated it to their own satisfaction and to that of defendant, using Petrol products, and in compliance with the terms of the oral agreement, until June 7, 1946, when they gave defendant notice that they terminated the lease upon the grounds of want of consideration and alleged fraud and misrepresentation of defendant in procuring the lease. Thereafter, they filed this action seeking to have the lease annulled.

Plaintiffs contend, and the trial court found, that a total failure of consideration resulted from the fact that the lessee was under no obligation to sell any gas on the premises and therefore could occupy the premises rent free, and that defendant promised to give plaintiffs a letter assuring them of their right to remain in possession and operate the station

for the duration of the lease, but that he never gave them such a letter.

As conclusions of law it was found that the lease was without consideration and had been obtained through misrepresentation and fraud, and was void. Defendant challenges the above findings as being unsupported by the evidence and we conclude that the attack upon them is sustained by the record. It is clear from the testimony of defendant that he gave plaintiffs oral assurance that they would be allowed to operate the station and would not be dispossessed, and it is equally clear that the finding that this promise was to be put into writing is supported by the evidence. Plaintiffs testified, without contradiction, that they stated to defendant before they signed the lease that they would want some assurance that they would be allowed to operate the station at all times, and that defendant agreed to this arrangement and promised he would not terminate it and would give plaintiffs a letter to that effect. There was no evidence that defendant ever refused to give written assurance in accordance with his oral promise, although admittedly he did not give plaintiffs the promised letter. Negotiations were carried on between him and his representatives on one side, and the attorney for plaintiffs on the other, and they failed to reach an understanding as to the terms of the agreement. Defendant testified that this was because plaintiffs' attorney insisted that the lease to him be cancelled. However this may be, plaintiffs were, as we say, placed in possession of the property, have not been disturbed in their possession, and there has been no threat that they will be disturbed during the remainder of the term of the lease.

It must be conceded by defendant that the lease itself did not require him to operate a service station on the premises or to sell any gas, or to pay any rent except, as stated, one cent per gallon of leaded gas, which must be understood to mean gas sold on the premises. The lease, considered by itself, was *nudum pactum*. But it was also agreed orally, as a part of the same transaction, that plaintiffs were to have the privilege of operating the station for the duration of the lease and that a writing to that effect would be given to them. Although the record is not clear on the point, it appears that as operators they would be entitled to a discount of four and one-half cents per gallon on Ethyl gas, and four cents on regular gas, purchased from defendant for sale at the station. There was nothing uncertain or incomplete

respecting the terms of the oral agreement, under which the parties have been operating, and, under the circumstances, defendant must be held bound by it. Having procured the lease by means of an oral promise to allow plaintiffs to operate the station, he cannot be allowed to repudiate that promise, and thereby work a fraud upon plaintiffs. (See *Wilk* v. *Vencill,* 30 Cal.2d 104 [180 P.2d 351]; *Vierra* v. *Pereira,* 12 Cal.2d 629 [86 P.2d 816]; *Seymour* v. *Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154].)

When the lease and the oral agreement are considered as an entire agreement, as they should be, one of the terms was that plaintiffs would operate the station and would have the right to be supplied with Petrol products by defendant at the stipulated discounts. Since the quantity of gas to be sold from the premises would be entirely within the control of plaintiffs, the obvious lack of mutuality in the provision of the lease respecting the payment of rent disappears. Defendant's obligation was definite and substantial and it furnished a valuable consideration for the lease. It may be noted that if defendant should repudiate his oral agreement he would be left with a lease of doubtful validity.

We find irreconcilable conflict between the findings and the conclusions and judgment. One of the conclusions is, "that there is a reasonable apprehension, that if left outstanding said lease may cause serious injury to plaintiffs and that the same should be cancelled." We do not see how anything of the sort could occur. Plaintiffs are in possession, rightfully, and entitled to enforce the terms of the oral agreement. Their possession is notice to the world of their rights in the premises. Under the findings of the court, plaintiffs cannot be dispossessed, letter or no letter, as long as they comply with their agreement.

The mere fact that the parties could not agree upon the terms in which their oral agreement should be expressed does not provide a sufficient basis for a finding of fraud. Defendant's promise that plaintiffs would be allowed to operate the station upon the agreed terms and conditions has been kept. There was not the slightest evidence that it will ever be repudiated. It appears that defendant has acted in good faith and that plaintiffs fear only that he may change his mind.

The evidence furnishes no reason to believe that Petrol Corporation took its sublease from its distributor, McWhirter, as an innocent purchaser, or acquired any greater rights

than were possessed by its agent. Nor may McWhirter, as Petrol's sublessee, deny the rights of plaintiffs under his oral agreement with them.

This case appears to us as ''a tempest in a teapot'' which could have been disposed of so as to protect the rights of all parties in a pretrial conference. In their notice of termination of the lease plaintiffs stated in part, ''The undersigned are satisfied with the services rendered by the McWhirter Petroleum Company to them in furnishing petroleum products and will continue to vend the Petrol Corporation Products on the same basis as before the cancellation of this lease,'' etc. In his opening remarks to the court defendant's attorney stated that defendant would like to continue the arrangement with plaintiffs.

It is plaintiffs' right to possession which they wish to protect and which we think should be protected, if not by written agreement with defendant, then by judgment of the court. The court should make a determination as to the rights of the respective parties in accordance with the views we have expressed. Amendments of pleadings should be allowed, if desired, and if deemed necessary, additional evidence should be received as to the full terms of the oral agreement, in order that the judgment to be rendered may make a declaration of the rights of the parties under the lease and the oral agreement.

The judgment is reversed for further proceedings in accordance herewith.

Wood, J., and Vallée, J., concurred.