**Francis L. SAUGET, Appellant,**

v.

**Jose C. VILLAGOMEZ, Appellee.**

**No. 14605.**

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1955.

Finton J. Phelan, Jr., Agana, Guam, for appellant.

J. C. Arriola, Palting & Arriola, Agana, Guam, for appellee.

Before DENMAN, Chief Judge, and BONE and ORR, Circuit Judges.

DENMAN, Chief Judge.

Sauget appeals from a judgment of the District Court of Guam denying him recovery in his action for ejectment against Villagomez on the ground that the latter had failed to show a superior right to possession. Sauget contends that the trial court erred in finding that Villagomez had more than a revocable license to be on the land and in finding that Sauget was not protected against any such unregistered interest by the terms of the Guam registry statutes. All the testimony was heard by the judge of the court and Fed.Rules Civ.Proc. Rule 52 (a), 28 U.S.C.A. applies.

Sauget purchased the land in question from one Untalan, the registered owner, after examining the title registry records which showed Untalan as owner but without investigating the rights of appellee Villagomez who had a home on the land in which he had resided since 1937. Sauget paid Untalan $1,000 for his conveyance in 1954. The value of the land and Villagomez' house was estimated at the trial as between $6,000 and $10,000. Sauget was a businessman of some experience. His deed from Untalan stated that Villagomez had a "license" to be on the land. Villagomez testified that he had purchased the land from Untalan, his brother-in-law, in 1937 pursuant to an oral agreement, that he had regularly paid taxes on the land, that Untalan had helped him build his house on the land, but that Untalan had never given him a deed. Untalan denied any such sale.

The trial court delivered an oral opinion in which it found as follows: Villagomez had purchased some interest in the property in 1937 from Untalan which gave him a right to possession. The oral agreement was taken out of the operation of the Guam statutes of frauds under the doctrine of part performance. Since appellant Sauget was not a bona fide purchaser the registry statutes did not protect him. Sauget had not shown a right to possession superior to that of Villagomez.[1]

Appellant contends that the trial court erred in finding that Villagomez had any greater interest in the land than that of a revocable licensee. On the evidence the trial court was entitled to find that Villagomez had purchased some property right, known to the Spanish civil law formerly applicable to Guam, which corresponds to a common law easement entitling Villagomez to own and occupy a house on the land.

Appellant argues that since Villagomez admits that his purchase of such an interest was oral and that he never obtained a deed that the conveyance was void under Guam Statute of

1. Section 1157.40 of the Guam Civil Code which provides:

"Conclusivness of certificate in actions of ejectment or partitions or possession. In any action or proceeding brought for ejectment, partitions, or possession of land, the certificate of title of a registered owner shall be held in every court to be conclusive evidence, except as here- in otherwise provided, that such registered owner has a good and valid title to the land, and for the estate or interest therein mentioned or described, and that such registered owner is entitled to the possession of said land."

is not applicable in this case since the appellant failed to register his deed from Untalan.

Frauds. Guam Civil Code § 1624. The Guam and California Civil Code sections 1624 on oral contracts to convey real property are identical, and California decisions are persuasive to this court. Under the law of California, appellant, one not a party to the claimed oral contract, would not have standing to raise the statute of frauds. See Demeter v. Annenson, 1947, 80 Cal.App.2d 48, 180 P.2d 998. In an action between Villagomez and Untalan the oral contract in this situation would be taken out of the operation of the statute of frauds and would be enforceable under either the doctrine of part performance or estoppel. The California cases are extensively discussed in Note, Part Performance, Estoppel, and the California Statute of Frauds, 3 Stanford L.Rev. 281 (1951). Sauget's rights, other than those provided by the Guam registry and recording statutes later discussed, are no greater than those of Untalan, his grantor.

 The trial court was free to accept Villagomez' version of the transaction whereby he purchased some interest in the property from Untalan and to reject that of Untalan. F.R.C.P. 52(a). The question of whether Villagomez' interest was in the nature of an easement or was merely a revocable license was properly determined from this testimony rather than from the deed appellant received from Untalan some seventeen years later.

 Appellant argues that the trial court erred in holding that he was not protected from Villagomez' unregistered easement by the Guam Registry Statutes. However, under the provisions of the Guam Registry Statutes appellant Sauget had only a contract. Untalan's land was registered. Sauget recorded but did not register his deed from Untalan. Section 1157.53 of the Guam Civil Code provides:

"A deed * * * purporting to convey * * * registered land * * * shall take effect *only by way of contract between the parties thereto,* and as authority to register

the transfer * * * upon compliance with the terms of this act. * * * *" [Emphasis added.]

Section 1157.47 provides:

"A registered owner of land desiring to transfer his whole estate or interest therein * * * may execute an instrument of conveyance in any form authorized by law for that purpose. *Upon filing such instrument in the registrar's office, and surrendering to the registrar the duplicate certificate of title, the transfer shall be complete * * *.*" [Emphasis added.]

 Villagomez also had a contractual right to a conveyance from Untalan. Therefore both had equitable interests. Villagomez, who had contracted with Untalan first, had the prior equity. The trial court was not in error in holding that Villagomez was first in time and first in right, and concluding that appellant had not shown a superior right to possession entitling him to eject Villagomez.

The judgment is affirmed.