**JONES & GUERRERO COMPANY, Inc., Town House, Inc., and J. & G. Motor Company, Inc., Appellants,**

v.

**James P. SMITH, Jr., Appellee.**

No. 17025.

United States Court of Appeals Ninth Circuit.

July 10, 1961.

John A. Bohn, Charles J. Williams, Arriola, Bohn & Gayle, Benicia, Cal., for appellants.

Thomas M. Jenkins, V. Judson Klein, Schofield, Hanson, Bridgett, Marcus & Jenkins, San Francisco, Cal., E. R. Crain, Agana, Guam, of counsel, for appellee.

Before HAMLIN and JERTBERG, Circuit Judges, and ROSS, District Judge.

JERTBERG, Circuit Judge.

Before us is an appeal by appellants from a judgment entered in favor of appellee in the amount of $1,481.07, for breach of an oral contract of employment.

The district court's jurisdiction was based on Title 48 U.S.C.A. § 1424. This Court has jurisdiction under Title 28 U.S.C.A. §§ 1291 and 1294.

In his complaint filed in the district court appellee alleged: That on or about the 15th day of August, 1958 the appellant Jones & Guerrero Company, Inc. and the appellee entered into an employment agreement in San Francisco, California, under which it was agreed that appellee was to be employed as a salesman by the appellants in Guam for a period of two years; that appellee was to be employed upon commission with a drawing account

of $200 per month against commissions, except that appellee was to receive a fixed salary of $200 during the first month of employment; that appellee was to be furnished suitable housing in Guam during his employment at a reasonable rental; that upon completion by appellee of two years employment appellants would furnish to appellee return transportation to the continental United States and would pay to appellee a bonus equal to one month's income based upon his average earnings while employed by appellants; and that in the event appellee should terminate his employment within the two-year period without the consent of appellants he would waive his right to return transportation and to the bonus above described.

The complaint further alleged: that on or about the 6th day of September, 1958, appellee arrived in Guam and entered upon his employment as an appliance salesman with appellant Town House, Inc.; that shortly thereafter it was agreed that, in consideration for extra work to be performed by appellee, appellee would receive his housing furnished with no additional cost to appellee; that appellee worked as an appliance salesman, averaging $400 per month in commission through the end of January 1949; that on or about the first day of February 1959 appellee was transferred from his employment as an appliance salesman to the appellant J. & G. Motor Company, Inc., automobile sales department; that appellee continued as an automobile salesman to the 17th day of October, 1959, when his employment was terminated without cause by the appellants as of the first day of November, 1959; that upon termination of employment appellee received payroll check in the sum of $299.07, marked "final check", which appellee refused to endorse; that appellee demanded restoration to his employment, or in lieu thereof that he be furnished return transportation to the continental United States, both of which demands were refused by appellants; and that as a result of the breach of contract appellee suffered damages in the sum of $4,299.07 for loss of earnings and $432 for return transportation.

Appellee prayed for judgment against appellants in the sum of $4,731.07, with interest from the first day of November 1959, and costs.

In response to appellee's complaint appellants filed an answer in which they denied the existence of the oral contract for employment, and as a separate defense alleged that neither the alleged oral agreement nor any note or memorandum thereof was ever in writing subscribed by the appellants, or any of them. Appellant also filed a counter-claim in the amount of $900.00 as the agreed rental value of the housing which appellee occupied from February 1, 1959 to November 1, 1959.

Upon the issues thus made the case was tried by the district judge sitting without a jury. Following trial, the district court found, in his findings of fact: that appellee and appellant Jones & Guerrero Company, Inc., on or about the 15th day of August, 1958, at San Francisco, California, entered into an oral contract of employment whereby appellee accepted employment with appellant Town House, Inc. in Guam as an appliance salesman; that said appellant Jones & Guerrero Company, Inc. agreed to furnish appellee transportation to Guam, and to pay appellee the sum of $200 per month guarantee against commissions earned by him, and that said last named appellant agreed that it would furnish appellee return transportation to the continental United States upon completion of two years' service in Guam; that effective February 1, 1959 appellee was transferred from the position of appliance salesman for the Town House, Inc., to the position of automobile salesman for appellant J. & G. Motor Company, Inc., and on which date his monthly guarantee salary against commission was increased from $200 to $300 per month; that appellee was to receive the housing furnished to him in consideration of extra duties performed by appellee; that appellee's services were terminated on the first day of November, 1959; that appel-

lee made reasonable efforts to find other employment; that appellee is entitled to the guarantee of $300 per month from November 1, 1959 to April 1, 1960, or $1,500; that appellants are entitled to an offset in the sum of $750, the amount earned by appellee following the termination of his employment by appellants; that appellee is entitled to return transportation in the sum of $432; that appellee is further entitled to the proceeds of the final commission check in the sum of $299.07.

Judgment was accordingly entered in favor of appellee and against the appellants in the sum of $1,481.07, together with interest at the rate of six per cent per annum from the first day of November 1959, and the counterclaim of appellants was dismissed.

Appellee concedes that "Under the agreement, appellee was to work for appellants for a two-year period," at the end of which time his return transportation to California was promised him. Appellee makes no contention that the agreement of employment, or any note or memorandum thereof, was in writing signed or subscribed by the appellants, or any of them, or their agent.

Section 1973 of the Code of Civil Procedure of the Territory of Guam provides:

"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement, cannot be received without the writing or secondary evidence of its contents:

"1. An agreement that by its terms is not to be performed within a year from the making thereof; * * *".

Section 1624 of the Civil Code of the Territory of Guam provides:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged, or by his agent:

"1. An agreement that by its terms is not to be performed within a year from the making thereof; *. * *".

The fact that the oral contract was made in California and was to be performed in Guam offers no problem as to which law governs since the statutory law relating to the statute of frauds is the same in both jurisdictions.[1]

Clearly, the contract of employment sued upon is an agreement that by its terms is not to be performed within a year from the making thereof. By the express terms of Section 1973 of the Code of Civil Procedure, and Section 1624 of the Civil Code of the Territory of Guam, the contract sued upon is declared invalid. The recognition of this fact is implicit in appellee's brief. Appellee, however, seeks to support the judgment of the district court by contending that the appellants are estopped from pleading or asserting the statute of frauds as a defense to the action. The controversy presented by this appeal, therefore, is whether appellants are estopped by the

---

1. Section 1624 of the Civil Code of the State of California provides:
"§ 1624. Statute of frauds
"The following contracts are invalid, unless the same, or some note or memorandum thereof, is in writing and subscribed by the party to be charged or by his agent:
"1. An agreement that by its terms is not to be performed within a year from the making thereof; * * *".
Section 1973 of the Code of Civil Procedure of the State of California provides:

"§ 1973. Statute of frauds
"In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent. Evidence, therefore, of the agreement, can not be received without the writing or secondary evidence of its contents:
"1. An agreement that by its terms is not to be performed within a year from the making thereof; * * *".

application of the equitable doctrine of estoppel from relying as a defense to appellee's action on the statute of frauds.

■ Since the code provisions of the Territory of Guam relating to the statute of frauds are identical with the code provisions of the State of California relating to the same subject, we find that decisions of the Supreme Court of the State of California are persuasive in the consideration of the problem presented by this appeal.[2]

■ At the threshold of our consideration of this problem we are confronted by the fact that the findings of fact of the district court contain no finding whatsoever relating to the doctrine of estoppel. It is not the function of this Court to make findings of fact which a trial court should have made. Yanish v. Barber, 9 Cir., 1956, 232 F.2d 939. In seeking to excuse the failure of the district court to make a finding of fact on the subject of estoppel, appellee seeks refuge in the language contained in Yanish v. Barber, supra, wherein it is stated, in 232 F.2d at page 947:

"But not every case, where there is a failure to make findings must be sent back to the district court. 'The fact that the district judge made no findings and announced no conclusion upon this issue, does not require remand, since the record is complete,' Hazeltine Research, Inc. v. General Motors Corp., 6 Cir., 1948, 170 F.2d 6, 10.

"Moore's Federal Practice (2d Ed.) Vol. 5, states at p. 2662, 'The failure of the trial court to comply with Rule 52, while characterized as a dereliction of duty does not demand a reversal "if a full understanding of the question presented may be had without the aid of separate findings," ' quoting from Shellman v. Shellman, 1938, 68 App.D.C. 197, 95 F.2d 108, 109, and citing cases.

"A recognized exception to the general rule, requiring a case to be sent back for lack of findings, is where '* * * the record considered as a whole does not present a genuine issue as to any material fact * * *'. (Citations omitted.) So when the facts are undisputed, though no finding is made, the case need not be remanded. (Citing cases.)"

We have meticulously reviewed the complete record in this case in order to determine "if a full understanding of the question presented may be had without the aid of separate findings".

■ Earlier in this opinion we set forth the essential allegations contained in appellee's complaint. It is manifest to us from such examination that the complaint utterly fails to state facts sufficient to constitute an estoppel which would preclude appellants from relying upon the statute of frauds. The last expression of the Supreme Court of the State of California on this subject which we have been able to find appears in Ruinello v. Murray, 1951, 36 Cal.2d 687, at page 689, 227 P. 2d 251, at page 253, wherein the court stated:

"Plaintiff contends that he has alleged sufficient facts to estop defendant from relying on the statute of frauds. There can be no estoppel unless plaintiff will suffer unconscionable injury or defendant will be unjustly enriched if the oral contract is not enforced. (Monarco v. Lo Greco, 35 Cal.2d 621, 623–624 [220 P.2d 737] and cases there cited.) Plaintiff has not alleged facts that meet either of these conditions.

"To state a cause of action based on unconscionable injury it is not enough to allege that plaintiff gave up existing employment to work for defendant. (Murdock v. Swanson, 85 Cal.App.2d 380, 385 [193 P.2d 81]; Standing v. Morosco, 43 Cal.

---

2. See Sauget v. Villagomez, 9 Cir., 1955, 228 F.2d 374, at page 376; and American Pacific Dairy Products, Inc. v. Siciliano, 9 Cir., 1956, 235 F.2d 74, at page 84.

App. 244, 248 [185 P. 954].) He must set forth his rights under the contract given up and show that they were so valuable that unconscionable injury would result from refusing to enforce the oral contract with defendant. (See, e.g. Seymour v. Oelrichs, 156 Cal. 782, 792 [106 P. 88, 134 Am.St.Rep. 154]; Tuck v. Gudnason, 11 Cal.App.2d 626, 627–628 [54 P.2d 88]; cf. Wilk v. Vencill, 30 Cal.2d 104, 105–107 [180 P.2d 351].) Plaintiff alleges that he resigned a 'permanent life-time position' under an oral contract with another employer to enter defendant's employ. This allegation does not show that plaintiff will suffer an unconscionable injury if the oral contract with defendant is not enforced. Ordinarily a contract for permanent employment, for life employment, for so long as the employee chooses, or for other terms indicating permanent employment, is interpreted as a contract for an indefinite period terminable at the will of either party, unless it is based on some consideration other than the services to be rendered. (Citations omitted) Since plaintiff has not alleged such consideration or other terms indicating a contrary intention, it cannot be concluded that the employment he gave up was not at the will of either party. The leaving of such employment for employment with the defendant that is also terminable at the will of either party because of the statute of frauds does not result in unconscionable injury. (Murdock v. Swanson, supra; Standing v. Morosco, supra.)"

Appellants pleaded the statute of frauds. No attempt was made by appellee to amend his complaint or to file any other pleading in response to appellants' affirmative defense of the statute of frauds. Therefore, the issue of estoppel was not raised in the pleadings. We have examined the testimony introduced, which also fails to disclose the case was tried in the belief or understanding that estoppel was an issue. As earlier noted, the district court made no finding of fact on the subject. Furthermore, the comments and remarks of the district judge negate any contention that the district court's decision was predicated on estoppel. At the conclusion of appellee's case, appellants moved for a dismissal of the action. In ruling upon the motion, the district court, among other things, stated:

"It seems to me, it is true there is no written agreement in this case. The only terms of the length of the contract was that if you work two years, I will pay your transportation back. Now it is true he was, in a sense, working on a month to month basis, on a drawing account against his sales, and I would assume if he didn't work he didn't get any drawing account, and, eventually, if he didn't work long enough, they wouldn't retain him. So I think the company reserved the right, although it isn't expressly stated they could terminate his agreement of work any time they saw fit."

At the conclusion of the trial the district court made extensive remarks and comments. Any suggestion that the district court gave thought to or considered the doctrine of estoppel in reaching his decision is completely lacking in such remarks.

The basic guide lines for the application of the doctrine of estoppel under California law were enunciated by the Supreme Court of that State in the case of Monarco v. Lo Greco, 35 Cal.2d 621, 220 P.2d 737, 739. In that opinion the court stated:

"The controlling question is whether plaintiff is estopped from relying upon the statute of frauds (Civ.Code § 1624; Code Civ.Proc. § 1973) to defeat the enforcement of the oral contract. The doctrine of estoppel to assert the statute of frauds has been consistently applied by the courts of this state to prevent fraud that would result from refusal to enforce oral contracts in certain

circumstances. Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract (citing cases), or in the unjust enrichment that would result if a party who has received the benefits of the other's performance were allowed to rely upon the statute. (Citing cases.) In many cases both elements are present. Thus not only may one party have so seriously changed his position in reliance upon, or in performance of, the contract that he would suffer an unconscionable injury if it were not enforced, but the other may have reaped the benefits of the contract so that he would be unjustly enriched if he could escape its obligations." (Citing cases.)

From our review of the record as a whole in this case, we find the presence of no element of estoppel which would preclude the appellants from relying on the statute of frauds. In the present case there is nothing to show an unconscionable injury resulting to the appellee because of any serious change of position by appellee in reliance on the contract. No unjust enrichment results to the appellants by relying upon the statute of frauds.

We have examined two cases of this Court, Fibreboard Products v. Townsend, 9 Cir., 1953, 202 F.2d 180, and Montgomery v. Moreland, 9 Cir., 1953, 205 F. 2d 865, relied upon by the appellee. We find such cases inapposite.

Ordinarily under the circumstances of this case, we would enter an order reversing the judgment of the district court. However, at the oral argument appellants concede their liability to appellee in the sum of $299.07, which amount represents the final commission check which appellants issued to appellee but which appellee refused to endorse. The case then is an appropriate one in which to grant appellee the right to remittitur as an alternate to reversal.

It is ordered: (1) that if appellee within thirty (30) days files with the clerk of the district court a written statement under oath remitting from the judgment entered by the district court that amount of the judgment entered in excess of the sum of $299.07, and certifies to the Clerk of this Court that such remittitur has been made, judgment in the amount of $299.07, with interest thereon at the rate of six per cent per annum from November 1, 1959, shall be affirmed; (2) that if appellee does not make such remittitur the judgment of the district court shall be reversed.