Finton J. PHELAN, Jr. and Fred E. Bordallo, as Co-Administrators of the Estate of Paul D. Palting, deceased, Appellants,

v.

PANCITERIA FAR EAST, INC., a corporation et al., Appellees.

No. 25836.

United States Court of Appeals, Ninth Circuit.

May 19, 1971.

Finton J. Phelan, Jr. (argued), Agana, Guam, for appellants.

David M. Shapiro (argued), Fred E. Bordallo, Agana, Guam, for appellees.

Before KOELSCH, CARTER and KILKENNY, Circuit Judges.

KILKENNY, Circuit Judge:

This is an appeal from a decree fixing the boundary between real property owned by appellant's intestate and that owned by appellees. Paul D. Palting, the original appellant, died during the course of this appeal and his co-administrators have been substituted. Nevertheless, in this opinion, we shall refer to decedent as appellant.

## FACTUAL BACKGROUND

Appellant and appellees owned adjoining lots near the city of Agana in Guam. The titles and boundaries thereto were evidenced by pre-war certificates similar to a certificate of title registered under the local version of the Torrens Act. The pre-war monuments, upon which the original survey was based, were destroyed in the invasion and recapture of Guam during World War II.

In 1947, appellant placed a military quonset hut on what he thought was his lot and used it as a residence and law office. During his occupancy he constructed a cyclone fence along the west edge of an artificial drainage ditch located near the apparent boundary line. He later leased the property. In 1954, the individual appellees leased their lot to Far East Trading Company, Inc. and later to appellee Panciteria Far East, Inc. Both corporations were controlled by Panciteria's president, Mr. Corn.

On December 31, 1968, appellees filed a complaint seeking to establish the boundary line between the two lots and to gain possession of the property lying west of the drainage ditch within appellant's enclosure. A month later, an amended complaint was filed, alleging that appellant's quonset hut was encroaching upon appellees' lot and that his cyclone fence extended over the boundary line. The parties waived a jury trial on the issue of encroachment, but reserved the right to such a trial on the question of damages in the event encroachment was found. Prior to the trial, the court ordered a surveyor of appellees' choice to go upon the appellees' land and establish the boundary line between the two lots. The resulting survey showed that appellant was indeed encroaching. The district court entered a decree fixing the boundary along the line found by the surveyor, and directed appellant to remove the encroaching portion of his quonset hut and give up possession of that portion of the occupied territory found to belong to appellees.

## ISSUES

Appellant contends that: (1) the district court erred in holding that appellees' claim was not barred by laches, estoppel or waiver; (2) the court erred in accepting as the basis for fixing the boundary, the survey which was ordered by the court; and (3) appellant should have the right to continue in occupancy for the life of the quonset hut, even though it does encroach on appellees' property.

*First Issue.* The issues of laches, estoppel and waiver were argued before the trial judge and resolved against the appellant. On these subjects there was a direct conflict between the testimony given by Corn, the president of Panciteria, and that given by the appellant. Corn testified that time after time he

had objected to the extent of appellant's occupancy of the property; appellant denied that any objection had ever been made. Where, as here, the trial judge has seen and heard the witnesses, we must follow his decision as to which witness is to be believed. There is nothing in the record before us to indicate that the judge's findings on these issues were erroneous. None of the numerous cases cited by appellant is of assistance to him.

 *Second Issue.* Although appellant did not object at the trial [1] to the introduction in evidence of the survey ordered by the court, he now attacks the survey's validity. It is true that the surveyor chosen by the appellees did not tie his survey into Agana Monument Number One, the pre-war monument used in making the original survey. It is also true that he did not retrace the original survey. Appellant, while conceding that the boundary line as found by the surveyor might be very close to or actually coincide with the original line, argues that it is equally possible that the new boundary might be inaccurate by as much as 30 or 40 feet.

As mentioned, the original monuments were destroyed during World War II. The monuments used by the appellees' surveyor were established after the war by the Department of the Navy. These monuments are generally accepted and used in Guam for surveying purposes, and there was evidence at the trial that it was advisable to use these monuments if the pre-war monuments could not be located. On this record, we hold that the trial judge did not err in admitting the survey into evidence. Fortifying this conclusion is the fact that appellant made no attempt to contradict the ordered survey by conducting his own independent survey. Thus, the survey produced by the appellees was the only one introduced by either side. Under these circumstances, the trial judge might well have been in error if he had not accepted, as evidence of the true line, the survey which he had ordered.

 *Third Issue.* Citing Sauget v. Villagomez, 228 F.2d 374 (9th Cir. 1955), appellant argues that the district court erred in not allowing him to continue to occupy the disputed area for the normal and natural life of the quonset hut which he had erected on the premises. We search in vain for anything in *Sauget* which supports appellant's contention. The claim is completely groundless.

Our independent search of the record convinces us that appellant had a fair trial and that the judgment must be affirmed.

It is so ordered.

---

1. "Mr. Shapiro: The plaintiff wishes to offer the Exhibit 1 in evidence, if your Honor please.

The Court: Any objection?

Mr. Phelan: For what it is worth, your Honor.

The Court: Very well, Plaintiffs' Exhibit No. 1 will be admitted in evidence." [This language clearly indicates that appellant's counsel had no objection to the receipt in evidence of the survey, but was of the belief that it might not have much value as evidence.]