533 F.2d 503
 In the Matter of T. R. AXTON, SR. CORPORATION dba
Hollandease Restaurant, a
California corporation, Debtor. McGRAW-EDISON CREDIT
CORPORATION, a Delaware Corporation (formerly EAC
Credit Corporation), Petitioner-Appellant,
v.
T. R. AXTON, SR. CORPORATION, dba Hollandease Restaurant, a
California corporation, Respondent-Appellee.
 No. 74-2344.
 United States Court of Appeals,
Ninth Circuit.
 April 2, 1976.
 
 Arnold S. Malter (argued), Los Angeles, Cal., for petitioner-appellant.
 Herman E. Magidsohn (argued), of Coleman & Coleman, Los Angeles, Cal., for respondent-appellee.
 OPINION
 Before WRIGHT and WALLACE, Circuit Judges, and SOLOMON,* District Judge.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This appeal involves the question whether the time price differential (TPD) of a commercial contract for sale and installation of restaurant equipment constituted usurious interest within the meaning of California law. In affirming the bankruptcy referee, the district court held that it did. We reverse.
 
 
 2
 The California courts have held consistently that the TPD of a conditional sales contract is not limited by the state usury laws. Milana v. Credit Discount Co., 27 Cal.2d 335, 163 P.2d 869, 871 (1945), and cases cited therein; Golden State Lanes v. Fox, 232 Cal.App.2d 135, 42 Cal.Rptr. 568, 571 (1965). See also Glaire v. LaLanne-Paris Health Spa, Inc., 12 Cal.3d 915, 927, 117 Cal.Rptr. 541, 548-49, 528 P.2d 357, 364-65 (1974).
 
 
 3
 Neither the referee nor the district court made an explicit finding as to whether the subject transaction was a conditional sales contract or simply a loan of money. In light of this failure, the normal practice would be to remand to the district court so that such an essential finding can be made. DeMarco v. United States, 415 U.S. 449, 450, 94 S.Ct. 1185, 1186, 39 L.Ed.2d 501, 503 (1974); Yanish v. Barber, 232 F.2d 939, 946-47 (9th Cir. 1956).
 
 However, as we stated in Yanish:
 
 4
 A recognized exception to the general rule, requiring a case to be sent back for lack of findings, is where ". . . the record considered as a whole does not present a genuine issue as to any material fact . . .".
 
 
 5
 232 F.2d at 947, quoting Burman v. Lenkin Const. Co., 80 U.S.App.D.C. 125, 149 F.2d 827, 828 (1945). See also Jones & Guerrero Co., Inc. v. Smith, 292 F.2d 815, 818 (9th Cir. 1961); Metalock Repair Service, Inc. v. Harman, 258 F.2d 809, 815 (6th Cir. 1958).
 
 
 6
 Our review of the record of the proceedings before the referee discloses no proof of, nor offer to prove, the existence of a scheme designed to cover up a loan. All of the evidence in the record supports a finding that the transaction was a bona fide conditional sales contract for the purchase and installation of restaurant equipment.
 
 
 7
 Moreover, the referee entered two "Conclusions of Law" and one "Finding of Fact", all of which when read together amount to an implicit finding that the subject transaction was a conditional sale, not a loan:
 
 
 8
 Conclusion of Law VI: The said note was part of an agreement for installation and furnishing of equipment requiring that Debtor pay to Crown a rate of interest usurious and therefore illegal under California law.
 
 
 9
 Conclusion of Law VIII: (The financing company) made no loan to Debtor, but simply accepted an assignment of Crown's interest in the said security contract. . . .
 
 
 10
 Finding of Fact 29: Title to the personal property, the subject of the Application to Reclaim and referred to in said Security Agreement, is vested in T. R. Axton, Sr. Corporation, the Debtor in these proceedings.
 
 
 11
 Despite the absence of an explicit finding, we deem it significant that the referee referred to the "agreement for installation and furnishing" and the "contract", not the "loan," in the conclusions quoted above. From Finding of Fact 29 it is clear that property was transferred from Crown (the seller) to Axton under the contract, suggesting that the transaction was a bona fide conditional sale.
 
 
 12
 From the transcript of the district court hearing it is clear that Judge Westover assumed the existence of a bona fide contract for the sale and installation of restaurant equipment. Indeed, he analogized between the transaction in dispute and the installment purchase of an automobile.
 
 
 13
 He identified the "real issue" as "whether or not time price differential is interest." (R.T. 22) He went on to suggest:
 
 
 14
 Let the Circuit decide whether or not there is a difference between interest and time (price) differential.
 
 
 15
 It seems to me that both of them are for the use of money, and . . . it all amounts to the same thing.
 
 
 16
 (R.T. 44-45) The district court's implicit holding was that, despite the existence of a bona fide conditional sales contract, time price differential is the same as interest and therefore subject to California's usury laws.
 
 
 17
 Our review of the entire record leads us ineluctably to the conclusion that here, as in Yanish, there was no genuine issue of material fact. All of the evidence presented, together with the implicit findings of the district judge and the referee, suggest that the subject transaction was a bona fide conditional sale, not a loan. We so find.
 
 
 18
 As the district court erred on the law by concluding that the TPD constituted usurious interest, we need not consider any of the other issues raised by the parties.
 
 
 19
 Reversed and remanded.
 
 
 
 *
 Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation