**FOREIGN COMMERCE, INC., Plaintiff-Appellee**

v.

**BERNARD TONN, Defendant-Appellant**

Civil No. 83/343

District Court of the Virgin Islands

Div. of St. Croix

December 28, 1984

G. Luz James, Esq., Christiansted, St. Croix, V.I., *for plaintiff-appellee*

Russell B. Johnson, Esq., Christiansted, St. Croix, V.I., *for defendant-appellant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This appeal from the Territorial Court presents the question of whether a one and one-half percent (1 1/2%) monthly service charge added to the outstanding balance on a consumer account is usurious in violation of 11 V.I.C. § 951 et seq. In the action for debt below, the Court awarded plaintiff-appellee Foreign Commerce, Inc. (Foreign Commerce) $2,676.27 plus costs and attorney's fees. Defendant-appellant Bernard Tonn ("Tonn") appeals the denial of his counter-claim wherein he claimed that the 1 1/2% monthly service charge was in actuality an 18% interest rate, and therefore usurious. For the reasons set forth herein, we will not disturb the trial court's conclusions.

# I. FACTS

On March 20, 1978, Tonn purchased sliding glass doors and windows from Foreign Commerce, a Florida Corporation. The total purchase price was $1,640.20. The terms were listed as "Net 10 days". When Tonn failed to pay the balance within 30 days, Foreign Commerce added a 1 1/2% service charge per month. Tonn received monthly statements of his indebtedness and made sporadic payments.

At the time the lawsuit was commenced on March 28, 1982, there was an outstanding balance of $2,172.76. Tonn answered the complaint and counterclaimed that the service charge was in violation of the Virgin Islands' usury laws.

The case went to trial before the Honorable Raymond L. Finch on May 10, 1983. The Court found that the basic debt was $1,640.20 and that Tonn made payments amounting to $800.00. The Court requested counsel for both parties to submit memoranda on the method of computing interest under the U.S. Rule and the actuarial method. Although both parties submitted memoranda, neither addressed this issue.

On September 30, 1983, the Court found that the usury defense was not available under the facts of this case. Judgment was entered in favor of Foreign Commerce on January 13, 1984, and Tonn now appeals.

# II. DISCUSSION

Title 11 V.I.C. § 951 (1982) provides in pertinent part:

§ 951. Legal rate of interest

(a) The rate of interest shall be nine (9%) per centum per annum on—

(1) all monies which have become due;

(3) money due upon the settlement of matured accounts from the day the balance is ascertained; and

(4) money due or to become due where there is a contract and no rate is specified.

Usury is the extraction of a greater sum for the use of money than the highest rate of interest allowed by law. Evans v. National Bank, 251 U.S. 108 (1919); Zugelter v. Bank of America, 19 V.I. 561 (D.V.I. 1983), aff'd, 728 F.2d 218 (3d Cir. 1984); 11 V.I.C. § 952 (1982). If usurious interest is collected, the person paying it is entitled to double damages. 11 V.I.C. § 953 (1982).

151

Appellant Tonn claims that notwithstanding the label "service charge", what was actually being collected on his outstanding indebtedness was interest. Compounded on an annual basis the 1 1/2% monthly service charge would be the equivalent of 18% interest, and is therefore usurious. Tonn asserts that the trial court should be reversed and judgment entered in his favor in the amount of $759.80 together with costs and attorney's fees.

Foreign Commerce does not supply any law to counter Tonn's argument but states that "[s]uch action is well within the norm of customary business practices and is employed by banking institutions and other sales agencies here in the Virgin Islands . . ." Brief of Appellee at 6. Although this may be true, tradition does not the law make.

■ It is, however, well established that a bona fide sale of consumer goods on credit does not constitute a loan within the meaning of the usury statute. Hogg v. Ruffner, 66 U.S. 115 (1861); Bartholomew v. Northampton Nat'l Bank of Easton, 584 F.2d 1288, 1295 (3d Cir. 1978) (applying Pennsylvania law); Johnson v. Sears, Roebuck & Co., 303 N.E.2d 627, 638 & n.6 (Ill. 1973); Annot., 143 ALR 238 (1943); Annot., 48 ALR 1442 (1927); 47 C.J.S. Interest and Usury § 293 (1982). This is true even when the finance charge, if considered as interest, would be in excess of the highest lawful interest rate allowed, provided of course that the transaction was what it purported to be and not in fact a loan. See e.g., Daniel v. First Nat'l Bank of Birmingham, 227 F.2d 353, 356 (5th Cir. 1955); Commercial Credit Co. v. Tarwater, 110 So. 39 (Ala. 1926), 48 ALR 1437 (1927); Credit Manual of Commercial Laws 1984 at 198 (R. Goodwin ed. 1984).

■ The finance or service charge is generally defined as a charge for the privilege of purchasing on credit, expressed as a time price differential. It is designed to compensate sellers for additional risks and loss of interest which would ordinarily accrue upon immediate cash payment. See Hogg v. Ruffner, supra; Johnson, supra, at 637; Zachary v. R. H. Macy & Co., 293 N.E.2d 80, 87–88 (N.Y. 1972); Petersen v. Philco Finance Corp., 428 P.2d 961 (Idaho 1967). It has been widely held that the time price differential is not subject to the usury laws. See, e.g., Matter of T. R. Axton, Sr. Corp., 533 F.2d 503 (9th Cir. 1976) (applying California law); Daniel, supra; Smith v. Sears, Roebuck & Co., 419 N.E.2d 673 (Ill. 1981); Grigg v. Robinson Furniture Co., 260 N.W.2d 898 (Mich. 1978).

In this case there is no indication that the sale was anything but

bona fide or that Foreign Commerce acted in bad faith or in an attempt to evade the Virgin Islands' usury law. Tonn purchased the sliding glass doors and windows on March 20, 1978. He could have avoided all service charges by paying the balance within 30 days. Instead he received his first bill on April 30, 1978 complete with a 1 1/2% service charge. Each month thereafter Tonn was billed. On November 30, 1979, Foreign Commerce offered to wipe out all service charges if Tonn would remit the original balance minus payments made. Tonn did not take advantage of Foreign Commerce's offer and never paid the entire balance.

■ The trial court was correct in finding that the defense of usury does not apply in this instance. Since no other issues have been raised by Tonn, we affirm the trial court's decision in its entirety.

## ORDER

THIS MATTER is before the Court on appeal from the Territorial Court. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the judgment of the Territorial Court be and the same is hereby AFFIRMED.