**Richard GUILLEMIN, Plaintiff—Appellant,**

v.

**COUNTY OF CALAVERAS; Daniel Seider; Ray Waller, Defendants—Appellees.**

No. 01–15989.

D.C. No. CV–99–05089–AWI.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided July 1, 2002.

Before GOODWIN, HAWKINS and FISHER, Circuit Judges.

MEMORANDUM *

Richard Guillemin appeals the grant of summary judgment in favor of defendants Dan Seider, Ray Waller and the County of Calaveras ("the County"). We affirm.

Guillemin has standing to bring this lawsuit because, by virtue of his purchase agreement with William Wilson, Guillemin was the equitable owner of the Sheep Ranch Property during the relevant time period. *See In re Reid's Estate*, 26 Cal. App.2d 362, 79 P.2d 451, 455–56 (Cal.1938). The record does not reflect that he was in breach of this agreement, and defendants do not have standing to raise a statute of frauds challenge. *Sauget v. Villagomez*, 228 F.2d 374, 376 (9th Cir.1955).

We reject Guillemin's contention that the County regulations at issue are preempted by section 43 of the Federal Mining Act. Section 43 does not explicitly prohibit states from enacting rules and conditions other than those related to "easements, drainage and other necessary means to ... complete development," 30 U.S.C. § 43, and County Code provisions 17.56.030 and 17.04.050 (which has since been repealed and incorporated into Chapter 17.56) are not in conflict with any other provision of the Federal Mining Act. Because the County regulations do not conflict with federal mining law, they are not preempted. *See Butte City Water Co. v. Baker*, 196 U.S. 119, 119–28, 25 S.Ct. 211, 49 L.Ed. 409 (1905). Moreover, the County regulations do not contravene the purposes of the Federal Mining Act. *See Cal. Coastal Comm'n v. Granite Rock Co.*, 480 U.S. 572, 581, 107 S.Ct. 1419, 94 L.Ed.2d 577 (1987). Finally, *Summa Corp. v. California ex rel. Lands Commission*, 466 U.S. 198, 104 S.Ct. 1751, 80 L.Ed.2d 237 (1984), does not alter our preemption analysis or provide support for Guillemin's claim that the County may not prescribe regulations other than those listed in the federal patent.

Guillemin's procedural due process challenge is also unavailing. Although we are sympathetic to his frustration with the County's bureaucratic attitude and handling of this matter, we conclude that Guillemin was afforded sufficient predeprivation process. Seider visited the Sheep Ranch Property on December 30, 1998, and personally told Guillemin that he would have to cease operations and obtain a permit. The record does not establish that Guillemin was precluded from meaningfully responding to Seider's concerns. This "opportunity for informal consultation with designated personnel empowered to correct a mistaken determination" is sufficient to satisfy Guillemin's constitutional right to due process of law. *Weinberg v. Whatcom County*, 241 F.3d 746, 753 (9th Cir.2001) (citations and internal quotation marks omitted). We therefore affirm the district court's grant of summary judgment and need not decide whether Seider, Waller and the County were immune from liability.

Finally, we do not believe sanctions are warranted against Guillemin. He raised a reasonable challenge to defendant's conduct and complied with all relevant Circuit rules. Both sides shall bear their own costs on appeal.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.