[Civ. No. 20701.   First Dist., Div. Three.   Apr. 23, 1963.]

JOHN F. WINBURN, Plaintiff and Appellant, v. ALL AMERICAN SPORTSWEAR COMPANY, INC., Defendant and Respondent.

Joseph C. Meyerstein, Wootton & Solomon and Richens L. Wootton for Plaintiff and Appellant.

Mueller & McLeod, J. A. Mueller and Harold B. Auerbach for Defendant and Respondent.

DRAPER, P. J.—Plaintiff appeals from summary judgment (Code Civ. Proc., § 437c). The question is whether the oral agreement sued upon is within the statute of frauds because by its terms it "is not to be performed within a year from the making thereof" (Civ. Code, § 1624, subd. 1).

The complaint alleges that in July 1960 the parties orally agreed that plaintiff should be the west coast factory rep-

resentative of defendant for the calendar year 1961, his compensation to be 5 per cent of sales made by him. Like facts are averred in plaintiff's deposition, quoted in the affidavit supporting defendant's motion. Plaintiff points to the statement in his deposition that January and February "is the selling stage of the jackets." This, he says, shows that plaintiff's entire performance could be completed within one year of the agreement date, and the statute thus does not apply.

But plaintiff insists that defendant was to continue to pay commissions on sales made through the seventeenth month would be deferred payments, but asserts that "fill-in" orders following date of agreement. He does not suggest that there were to be taken throughout 1961, either by mail or on a November trip by plaintiff. It is clear that even his own performance could not be completed within one year. Moreover, it is apparent that defendant's performance was to extend beyond a year. ▮ In a bilateral contract, if the promise of either party cannot be performed within one year, the entire contract falls within the statute of frauds (Rest., Contracts, § 198; 2 Corbin on Contracts, § 456, p. 572). Thus plaintiff's contention wholly fails.

Plaintiff can find no solace in the rule that if one party has fully performed, the statute ceases to apply (*Roberts* v. *Wachter,* 104 Cal.App.2d 271, 280-1 [231 P.2d 534]; Rest., Contracts, § 198; 2 Corbin on Contracts, §§ 456-457), for there is no suggestion that either party performed any part of the agreement.

Plaintiff does not show the estoppel he claims. ▮▮ One is estopped to assert the statute of frauds if he would be unjustly enriched, or when unconscionable injury would result to the other party, who has been induced to change his position seriously (*Monarco* v. *Lo Greco,* 35 Cal.2d 621, 623 [220 P.2d 737]). ▮ Here plaintiff does not claim that he surrendered other representation to accept defendant's offer. At most (and on what may well be hearsay in the affidavit by his counsel) it is asserted that he "did not seek other lines," without any claim that any such line was available. Although it is asserted that plaintiff sent a "list of 20 of his biggest customers" to defendant, there is no suggestion that any of these dealt with defendant, and thus no showing of unjust enrichment. At best, the total showing to support estoppel is less than has been held inadequate (*Standing* v.

*Morosco,* 43 Cal.App. 244 [184 P. 954]), and far less than in the decision principally relied upon by plaintiff (*Seymour v. Oelrichs,* 156 Cal. 782 [106 P. 88, 134 Am.St.Rep. 154]).

Plaintiff claims error in the trial court's failure to rule upon his asserted request for leave to amend the complaint. The "request" at best was most casual. In any event, summary judgment issues were determined on the affidavits, rather than the pleadings. Even now, plaintiff suggests no way in which amendment of his pleadings could have aided him.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.