68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elias SHOKRIAN, Plaintiff-Appellant,
v.
FEDERAL HOME LOAN MORTGAGE CORP., Defendant-Appellee.
 No. 94-55809.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 11, 1995.*
Decided Oct. 20, 1995.
 
 Before: BEEZER, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elias Shokrian appeals the district court's Fed. R. Civ. P. 12(b)(6) dismissal of his action against the Federal Home Loan Mortgage Corporation ("Freddie Mac") alleging breach of contract and fraud. Shokrian's action arose out of a proposed restructuring of obligations under a note and deed of trust held by Freddie Mac on property owned by Shokrian. Shorkrian sought to bind Freddie Mac to an alleged oral contract whose terms were set out in a November 19, 1992 letter sent by Howard Jackson, a Senior Asset Resolution Specialist at Freddie Mac, to Shokrian.
 
 
 3
 We review de novo the district court's Rule 12(b)(6) dismissal. See Roth v. Garcia Marquez, 942 F.2d 617, 625 (9th Cir. 1991). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 A. Contract claim
 
 4
 Shokrian contends the district court erred by holding that his contract claim was barred by the statute of frauds. This contention lacks merit.
 
 
 5
 Under California law, which applies in this case, an agreement that cannot possibly be performed within one year is invalid unless it is set forth in a writing. See Cal. Civ. Code Sec. 1624(a).
 
 
 6
 Here, Shokrian seeks to bind Freddie Mac to the terms of the November 19, 1992 letter due to alleged oral representations made by Jackson that the terms of the letter had been approved by Freddie Mac.[1] The express terms of the letter provide that Freddie Mac was to forego all payments from Shokrian for two years. Shokrian claims that the contract could have been performed within a year because he could have begun making payments at any time. We disagree. Where any of the promises on either side of a bilateral contract cannot be fully performed within one year from the time of the formation of the contract, all of the promises in the contract are within the one year section of the statute of frauds. See Winburn v. All American Sportswear Co., 30 Cal. Rptr. 321, 322 (1963). Accordingly, the district court did not err when it dismissed Shokrian's contract claim for failure to state a claim.[2] See Roth, 942 F.2d at 625.
 
 B. Fraud claim
 
 7
 Shokrian also contends the district court erred by dismissing his fraud claim. This contention lacks merit. Shokrian failed to adequately plead that he reasonably relied on representations allegedly made by Jackson that the terms of the November 19, 1992 letter were approved by Freddie Mac. See Cooper v. Equity Gen. Ins., 268 Cal. Rptr. 692, 698 (1990). The November 19, 1992 letter expressly states that there was no obligation on the part of Shokrian or Freddie Mac "until the substance of our discussions and negotiations has been agreed to in writing and signed, both by [Shokrian] and a duly authorized representative of Freddie Mac." Therefore, the district court did not err by dismissing Shokrian's fraud claim. See Roth, 942 F.2d at 625.
 
 C. Leave to amend
 
 8
 Finally, Shokrian contends the district court erred by denying his request to file an amended complaint. This contention lacks merit.
 
 
 9
 We review for abuse of discretion. See Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995). Amendment in this case would be futile because the November 19, 1992 letter expressly precludes the formation of a contract unless the parties executed a writing. Therefore, the district court did not abuse its discretion by denying Shokrian leave to amend. See Roth, 942 F.2d at 628-29.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court properly considered the contents of the November 19, 1992 letter. See Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir.), cert. denied, 114 S. Ct. 2704 (1994)
 
 
 [2]
 Also, the November 19, 1992 letter expressly set forth that the terms stated therein were merely a proposal and that Freddie Mac did not have any obligation under the terms until formal written approval was made by an authorized representative of Freddie Mac