Filed 4/29/16  Maderer v. City of Los Angeles CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| ROSHEA P. MADERER, | B261168 |
| Plaintiff and Appellant, | (Los Angeles County |
| v. | Super. Ct. No. BC539991) |
| CITY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Holly E. Kendig, Judge.  Affirmed.

Roshea P. Maderer, in pro. per., for Plaintiff and Appellant.

Michael N. Feuer, City Attorney, Richard M. Brown, General Counsel for Water and Power, and Robin O'Sullivan, Deputy City Attorney, for Defendant and Respondent.

_____

Plaintiff Roshea P. Maderer challenges the trial court's order sustaining without leave to amend the demurrer filed by defendant City of Los Angeles (the City)[1] and dismissing this action. We hold that the trial court did not err by denying her motion for leave to amend her complaint. Further, we hold that Maderer's claim is barred because she has failed to identify a statute under which a public entity could be held liable for causing the injuries she alleges she suffered. (See Gov. Code, § 815.) Accordingly, we affirm.

## FACTS AND PROCEEDINGS BELOW

Maderer worked as a typist for LADWP. She alleges that, on December 24, 2012, an incident took place in which fellow employees threatened and verbally abused her in front of approximately 75 fellow employees at an office holiday party. Maderer claims that employees threatened to kick her in the face, falsely accused her of engaging in sexual encounters, and accused her of being a racist, a child molester, a liar, a thief, and a rat.

Maderer filed a complaint with LADWP managers shortly after the incident occurred. Managers interviewed Maderer and her alleged attackers, and the City's Equal Employment Opportunity Section (EEOS) initiated a formal complaint. Several months later, not having heard any results of the investigation, Maderer filed a request for the findings of the EEOS investigation of the event. The EEOS responded that it was "unable to locate any responsive documents."

Maderer filed a complaint in the trial court in March 2014. She alleged that LADWP had denied her right to due process under the United States Constitution by failing to investigate the incident, and she also alleged violations of state law. The City removed the case to federal court on the ground that the complaint presented allegations arising under federal law. The federal district court dismissed Maderer's federal claim because she had sued directly under the United States Constitution, rather than under 42 United States Code section 1983, but gave Maderer leave to amend her complaint to

---

[1] Maderer filed suit against the Los Angeles Department of Water and Power (LADWP), an agency of the City. The City filed pleadings on behalf of LADWP.

state a viable federal claim against the City. Maderer filed a first amended complaint in the federal district court, but the court again dismissed Maderer's federal claim, this time without leave to amend, holding that Maderer did not have a due process right to timely adjudication of her EEOS complaint, and declined to exercise supplemental jurisdiction over her state law claim.

The federal court remanded the case to the trial court with respect to the state claims. LADWP demurred to the remaining cause of action, and Maderer filed a motion for leave to amend her complaint. The trial court denied Maderer's motion, finding that Maderer had failed to meet all requirements for timely serving and filing her motion. At the same time, the trial court sustained without leave to amend the City's demurrer. The court found (1) that Maderer had not identified any statutory basis for liability, as required by Government Code section 815; (2) that she had not alleged that she had presented the claim to the City prior to filing the suit, pursuant to Government Code sections 911.2 and 945.4; and (3) that the only recovery available for injuries of the type Maderer alleged she had suffered was through the workers' compensation system.

## DISCUSSION

Maderer challenges the court's denial of her motion for leave to amend her complaint, and also contends that the court erred by sustaining the City's demurrer. We do not agree with Maderer's arguments.[2]

I.      *Denial of Leave to Amend the Complaint*

The trial court denied Maderer's motion for leave to amend her complaint, finding that she had failed to serve and file all moving and supporting papers at least 16 court days before the hearing, as required under Code of Civil Procedure section 1005, subdivision (b). The court also found that Maderer failed to include the required statement of the allegations being deleted and added, as well as a statement specifying the

---

[2] Maderer filed a request for judicial notice of five exhibits she included with her reply brief. The request is denied. Because she has not shown that she brought these documents to the attention of the trial court, we will not consider them now. (See *Coy v. County of Los Angeles* (1991) 235 Cal.App.3d 1077, 1083, fn. 3.)

effect of the amendment, why the amendment is necessary and proper, when the facts giving rise to the amendment were discovered, and why the request was not made earlier. (Cal. Rules of Court, rule 3.1324.)

Maderer contends that, contrary to the trial court's finding, she served all her moving and supporting papers on the City more than 16 days before the hearing. In addition, she contends that there was no need to file a statement of the allegations being deleted or added because the purpose of the amendment was to change the name of the defendant, and that "all pertinent exhibits, evidence and statements have remained consisten[t] throughout this process."

In the memorandum of points and authorities Maderer filed with her motion for leave to amend, she described the purpose of her proposed amendment. She wrote that she was "request[ing] leave to file an amended complaint modifying a party name." Maderer stated that she meant to amend the complaint to change the identity of the defendant from LADWP to the City of Los Angeles.[3] Maderer added that she also meant to amend her complaint to "address[] the state law claim solely for the [p]laintiff's federal constitutional claim has been dismissed." We interpret this to mean that Maderer intended to amend her complaint to delete her due process cause of action, which the federal district court had dismissed, while leaving the remainder of the complaint substantively unchanged.

These proposed amendments were not relevant to the trial court's decision to sustain the City's demurrer. The trial court did not rely on Maderer's identification of the defendant as LADWP, rather than the City, as a justification for sustaining the demurrer. In addition, the trial court noted that in reaching its decision it considered only Maderer's state-law cause of action "because the federal court to which this case was removed dismissed the [federal] cause of action with prejudice."

Because Maderer's proposed amended complaint would not have altered the substance of the claims the trial court ruled on, the court did not err by denying her leave

---

[3] When the federal district court dismissed Maderer's complaint, it noted that the proper defendant was the City of Los Angeles, not LADWP.

to amend.  (*Rose v. Dunk-Harbison Co.* (1935) 7 Cal.App.2d 502, 506.)  Moreover, if there had been any error, it would have been harmless.  In order to justify reversal, a plaintiff must show that she was prejudiced by the court's decision to deny leave to amend her complaint.  In other words, she must show that the result might have been different if the court had granted the motion to amend.  (*Maxwell Hardware Co. v. Foster* (1929) 207 Cal. 167, 170; *Winburn v. All American Sportswear Co.* (1963) 215 Cal.App.2d 380, 383; *Eustace v. Lynch* (1941) 43 Cal.App.2d 486, 491-492.)  Because her proposed amendments did not substantively change her cause of action, Maderer cannot do so.

II.      *Government Claims Act and Sovereign Immunity*

The trial court granted the City's demurrer in part because it found that Maderer had not identified a statute allowing her to bring a suit against the City for the hazing injuries she alleges she suffered, as required by Government Code section 815.

Government Code section 815 provides that, "[e]xcept as otherwise provided by statute:  [¶] (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."  In her complaint, Maderer alleged that she had been "subjected to [h]azing practices which are prohibited by law."  She noted that the City had issued an executive directive establishing a zero tolerance policy for incidents of workplace hazing.  Maderer also pointed out a section in the City's administrative manual pertaining to grievances and complaints, which provided her with the right to file a complaint against any discriminatory department policy, procedure, or practice.  She alleged further that her attackers had violated a number of criminal and civil statutes and department policies.  At no point in her complaint, however, did Maderer identify a statute creating city liability for the hazing injuries she claims she suffered.

Maderer now argues that the City is liable under Government Code section 815.6.  That section provides as follows:  "Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by

5

its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty." But this statute does not create liability by itself. Instead, it "has three elements that must be satisfied to impose public entity liability: (1) a mandatory duty was imposed on the public entity by an enactment; (2) the enactment was designed to protect against the particular kind of injury allegedly suffered; and (3) the breach of the mandatory statutory duty proximately caused the injury." (*B.H. v. County of San Bernardino* (2015) 62 Cal.4th 168, 179.) Maderer has not identified any enactment that creates a mandatory duty on the City to protect its employees against hazing. Without such a duty, she may not assert liability under Government Code section 815.6.

Maderer also alleges that the City is not entitled to the protection of the doctrine of sovereign immunity on the ground that it has not acted in good faith with respect to her case, but instead has engaged in "willful interference of justice and the legal process." The Government Claims Act, which includes Government Code sections 815 and 815.6, establishes the extent of sovereign immunity in California. (*State Dept. of State Hospitals v. Superior Court* (2015) 61 Cal.4th 339, 348.) It does not create a good faith standard that a public entity must meet in order to enjoy immunity. If we were to hold that a plaintiff could proceed with a suit against a state simply by alleging that the entity had violated her rights, we would render meaningless the provision that "[a] public entity is not liable for an injury" "[e]xcept as otherwise provided by statute." (Gov. Code, § 815.)

Because Maderer failed to identify a statutory basis under which the City could be liable for the hazing injury she alleged, the trial court did not err by granting the City's demurrer to her complaint.

III. *Other Claims*

In addition to granting the City's demurrer on the ground Maderer had not identified a statute under which the City could be liable for the hazing claim that she alleged, the trial court identified two other bases for granting the demurrer.

6

First, the trial court found that the attacks Maderer described in her complaint were examples of "[f]lare-ups, frustrations, and disagreements among employees [that] are commonplace in the workplace and may lead to 'physical act[s] of aggression.' " (*Torres v. Parkhouse Tire Service, Inc.* (2001) 26 Cal.4th 995, 1009.) Because actions like these are " ' "expressions of human nature" ' " which are " ' "inseparable from working together" ' " and are " ' "inherent in the working environment," ' " the court found that Maderer could not seek recovery for her injuries outside the workers' compensation system. (*Ibid.*)

Next, the trial court found that Maderer had failed to satisfy the claim presentation requirements expressed in Government Code sections 911.2 and 945.4, under which a plaintiff must present a personal injury claim to the public entity defendant within six months of the accrual of the cause of action. Maderer did not file her initial complaint in this case until March 20, 2014, more than a year after the incident in which she claims she was attacked, and she did not present her claim to LADWP, pursuant to Government Code section 911.2, until February 2015.

Maderer contends that the trial court erred in finding that she was ineligible to seek relief outside the workers' compensation system because she and her primary alleged attacker did not work together at the same location and because her attackers' alleged conduct went beyond the kinds of ordinary conflicts that arise when employees work together and constituted criminal threats. She contends that she should be excused from the six-month deadline for filing her claim because she was mentally incapacitated as a result of psychological and physical damage she suffered after the attack, and that she did not realize she would need to present a tort claim to the City because she believed the City would investigate the attack properly pursuant to its own internal procedures.

We need not address these issues because Maderer's failure to identify a basis for city liability pursuant to Government Code section 815 was sufficient to justify the trial court's decision to sustain the City's demurrer. Even if Maderer were correct with respect to the workers' compensation and claim presentation arguments, the court's decision to dismiss her case would still have been proper.

7

## DISPOSITION

The judgment of the trial court is affirmed.  Respondent to recover its costs on appeal.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:



CHANEY, J.



LUI, J.